■ MARY A. HENTZE, as Executrix of ROBERT E. HENTZE, Deceased, et al., Respondents, v. CURRY CHEVROLET SALES & SERVICES, INC., et al., Appellants.— In an action to recover for wrongful death and conscious pain and suffering, and for consequential damages sustained by the decedent's widow and children, defendants appeal from an order of the Supreme Court, Westchester County, entered October 2, 1973, which denied their motion to dismiss the third, fourth, fifth and sixth causes of action of the complaint for failure to state a cause of action. Order modified by striking therefrom the words "in all respects" and by adding thereto, immediately after the word "denied", the following: "as to the third cause of action and granted as to the fourth, fifth and sixth causes of action". As so modified, order affirmed, without costs. The third cause of action by the widow for loss of consortium for the period prior to her husband's death states a cause of action (*Millington* v. *Southeastern Elevator Co.*, 22 N Y 2d 498). The fourth, fifth and sixth causes, on behalf of the decedent's three children, for deprivation of the support, services, society, affection, love and parental guidance of their father, do not state causes of action. Shapiro, Acting P. J., Cohalan, Christ, Brennan and Benjamin, JJ., concur.

■ JESSE M. HOLDSWORTH, Respondent, v. CLARENCE D. MAXEY et al., Defendants, and ANGEL REYES, Appellant.—Appeal by the purchaser of real property sold in proceedings in bankruptcy of the two defendants from an order of the Supreme Court, Suffolk County, entered January 29, 1974, which denied his motion to cancel a proposed Sheriff's sale of the property under an execution upon a money judgment in favor of plaintiff against the defendants. Pursuant to an order of this court, the appeal was reargued on October 30, 1974. The case is remitted to the Special Term for hearing and report on the following issues: (1) whether the bankrupts have been discharged; (2) whether plaintiff ever received a distribution from the bankrupts' estates; (3) whether, when the subject property was sold by the referee in bankruptcy, it was sold subject to the lien of the judgment in issue; and (4) all other factors affecting the sale. In the meantime the appeal will be held in abeyance. Gulotta, P. J., Hopkins, Shapiro, Christ and Munder, JJ., concur.