■ DAVID T. DIDOCHA, as Administrator of the Estate of MARTHA A. DIDOCHA, Deceased, Appellant, v STATE OF NEW YORK, Respondent. (Claim No. 54010.)—Appeal from a judgment in favor of claimant, entered February 4, 1975, upon a decision of the Court of Claims. On April 13, 1971, Martha Didocha, age 26, committed suicide while a voluntary patient at Willard State Hospital, leaving a husband and four children, the oldest being five years old. The Court of Claims determined that the State's negligence was the proximate cause of Martha's death and awarded claimant $15,726, of which $726 represents funeral expenses and $15,000 represents damages on the wrongful death claim. Only the claimant appeals and the sole issue before this court is whether the said award of damages was inadequate. The record reveals that Martha had suffered from a mental condition since August, 1963 with 10 hospitalizations in seven years. Her suicidal tendencies were evidenced by the fact that she attempted to take her life on several occasions. The State presented two well-qualified psychiatrists, both of whom testified that the possibility of her recovery from her mental problems and of her contributing to the over-all well-being of her family unit was poor. The basis of recovery in a wrongful death action is the pecuniary loss suffered by the persons for whose benefit the action is brought (9A Rohan, NY Civ Prac, EPTL 5-4.3). Although the loss of care, love and guidance that a mother provides for her children is a proper element of pecuniary damages in a wrongful death action *(George v County of Erie,* 66 Misc 2d 871; see *Zaninovich v American Airlines,* 26 AD2d 155), and the chores and duties of a housewife are also to be considered *(Karpinski v State of New York,* 35 AD2d 84, affd 28 NY2d 834), the pecuniary loss must be based upon the reasonable expectancy of future assistance or support which the beneficiaries would have had if their decedent's life had continued *(Loetsch v New York City Omnibus Corp.,* 291 NY 308; *Lawrence v State of New York,* 44 Misc 2d 756; 67 NY Jur, Wrongful Death, § 166). In the instant case, the State presented expert testimony that the pressures of providing the assistance and support and of performing the services to her survivors which would establish the basis for pecuniary loss herein were a substantial contributing factor in the decedent's mental problems. Under these circumstances, we conclude that the award of the Court of Claims correctly reflects the weight of the evidence and was adequate. Judgment affirmed, without costs. Koreman, P. J., Greenblott, Main, Larkin and Herlihy, JJ., concur.