DOROTHY M. OSBORN, as Executrix of NELSON S. OSBORN, Deceased, et al., Appellants, v JOHN KELLEY et al., Respondents.

Third Department, March 2, 1978

## APPEARANCES OF COUNSEL

*Julien & Schlesinger, P. C. (Alfred S. Julien* and *Richard W. Miller* of counsel), for appellants.

*Carter, Conboy, Bardwell, Case & Blackmore (James S. Carter* of counsel), for John Kelley and others, respondents.

**OPINION OF THE COURT**

Sweeney, J. P.

In this action against three physicians, a hospital and a drug manufacturer, eight causes of action were alleged. The individual defendants moved to dismiss all eight causes of action. Special Term granted the motion as to the "Fifth", "Seventh" and "Eighth" causes of action and plaintiffs appeal.

The "Fifth" cause of action is based on breach of warranty and is premised on the alleged sale by the three physicians of an unsafe drug to plaintiffs' decedent. We are of the view that notwithstanding the use of the term "sold", the complaint, in essence, alleges that the drug was furnished to the decedent by the physicians as an incidental part of the services rendered by them in the course of the decedent's medical treatment. Under such circumstances, the use of the term "sold" is not determinative (*Perlmutter v Beth David Hosp.,* 308 NY 100). The sections of the Uniform Commercial Code creating express and implied warranties speak in terms of a sale and the seller (Uniform Commercial Code, §§ 2-313, 2-314, 2-315). Having determined that the complaint describes the furnishing of the drug to the decedent as an incidental feature of the services rendered by the physicians, we find there had been no sale within the meaning of the Uniform Commercial Code so as to give rise to any express or implied warranties (*Perlmutter v Beth David Hosp., supra; Schenectady Steel Co. v Trimpoli Gen. Constr. Co.,* 43 AD2d 234, affd on other grounds 34 NY2d 939). Consequently, the motion to dismiss plaintiffs' "Fifth" cause of action, based on breach of warranty, was properly granted.

Plaintiffs' "Seventh" cause of action is based on strict products liability. Liability pursuant to this doctrine has recently been expanded by this court to retailers (*Mead v Warner Pruyn Div., Finch Pruyn Sales,* 57 AD2d 340). Physicians, however, are in a unique position. In *Perlmutter v Beth David Hosp. (supra,* p 107) the court, while concerned with the liability of a hospital, stated: "The art of healing frequently calls for a balancing of risks and dangers to a patient. Consequently, if injury results from the course adopted, where no negligence or fault is present, liability should not be imposed upon the institution or agency actually seeking to save or otherwise assist the patient." We believe this rationale applies equally to physicians and, therefore, conclude that liability without fault should not be imposed upon a physician who

prescribes a drug in the course of medical treatment by applying the doctrine of strict products liability merely because the drug produced unfortunate results *(Carmichael v Reitz,* 17 Cal App 3d 958). Special Term, in our opinion, properly granted the motion to dismiss the "Seventh" cause of action.

In her "Eighth" cause of action plaintiff Dorothy Osborn seeks recovery in her individual capacity for loss of decedent's services, society, companionship, consortium and support and for the money she expended for his funeral services. In considering the sufficiency of this cause of action, the complaint must be liberally construed *(Kober v Kober,* 16 NY2d 191). With the exception of funeral expenses, plaintiff is in effect seeking recovery for loss of consortium. We are of the view that insofar as plaintiff is attempting to recover for loss of consortium for the period prior to decedent's death, a cause of action is stated *(Hentz v Curry Chevrolet Sales & Servs.,* 46 AD2d 800). Such a cause of action, however, is a derivative one (cf. *Millington v Southeastern Elevator Co.,* 22 NY2d 498). The wrongful death statute created a new cause of action based not upon damage to the estate of the deceased because of death, but rather for the pecuniary injury to the surviving spouse and next of kin of the decedent *(Greco v Kresge Co.,* 277 NY 26, 32). Since a decedent has no cause of action to recover damages for his death (EPTL 11-3.3), plaintiff has no derivative cause of action to recover for loss of consortium due to decedent's death. Recovery for funeral expenses paid by a distributee of the decedent's estate is specifically provided for in EPTL 5-4.3. In our opinion, the sole remedy available is an action pursuant to the wrongful death statute (EPTL 5-4.1 *et seq.)* which must be brought by the personal representative of the deceased (EPTL 5-4.1). Therefore, plaintiffs' "Eighth" cause of action was properly dismissed except insofar as it states a cause of action by the individual plaintiff for loss of consortium prior to decedent's death.

The order should be modified, on the law and the facts, by reversing so much thereof as dismissed that part of the "Eighth" cause of action as states a cause of action by the individual plaintiff for loss of consortium prior to decedent's death, and, as so modified, affirmed, without costs.

KANE, STALEY, JR., and LARKIN, JJ., concur; HERLIHY, J., not taking part.

Order modified, on the law and the facts, by reversing so must thereof as dismissed that part of the "Eighth" cause of action as states a cause of action by the individual plaintiff for loss of consortium prior to decedent's death, and, as so modified, affirmed, without costs.