FRANCES RICHARDSON, Individually and as Administratrix of the Estate of WILLIE RICHARDSON, Deceased, Appellant, v LUTHERAN HOSPITAL OF BROOKLYN, Respondent. (And a Third-Party Action.)—In a medical malpractice action, plaintiff appeals from an order of the Supreme Court, Kings County, dated April 24, 1978, which (1) dismissed her second and third causes of action for conscious pain and suffering and loss of consortium, respectively, (2) granted defendant's motion to set aside a jury verdict in the sum of $470,000 on the first cause of action for wrongful death, and (3) granted a new trial on the first cause of action only as to damages. Order affirmed, without costs or disbursements. Decedent entered defendant hospital on November 15, 1972 suffering from severe abdominal pain. Later that day surgery was performed to relieve an intestinal blockage. For many years prior to that time, and unconnected with decedent's above-mentioned condition on said day, decedent had been in poor health. A "hip replacement operation" performed on him in November, 1969 had been unsuccessful. In fact when decedent was admitted to the hospital on November 15, 1972 he was essentially disabled. He could not even walk without the aid of crutches. After the surgery was performed on November 15 decedent improved. However, on November 21, 1972 he died from general sepsis. Decedent at the time of death was 57 years old and he left surviving a wife (plaintiff) and three children, 16, 15 and 11 years of age. Plaintiff commenced this action seeking to recover for wrongful death, conscious pain and suffering and loss of consortium. A lengthy trial was held and the record, *inter alia,* shows that defendant hospital was guilty of malpractice in that it allowed decedent to dehydrate and failed to administer the required amount of antibiotics. After both parties presented their evidence, Trial Term dismissed the causes of action for pain and suffering and loss of consortium. However, on the wrongful death action the jury returned a verdict of $470,000. Thereafter, Trial Term set the verdict aside as excessive and granted a new trial on the issue of damages only. We agree with the action taken by Trial Term. It is beyond cavil that the verdict of $470,000 was unsupported by the evidence. Plaintiff was entitled to recover for the pecuniary loss suffered as a result of decedent's wrongful death. However, the record is barren of any proof of what decedent's earning capacity was or how much he contributed to the support of his family. More significantly, since decedent, who used to move heavy objects, was disabled, he apparently lacked any earning capacity. It is true, as plaintiff contends, that pecuniary loss includes consideration of the chores and duties performed by decedent for his family as well as the loss of care, love and guidance that he would have provided for his children *(Tilley v Hudson Riv. R. R. Co.,* 29 NY 252; *Didocha v State of New York,* 54 AD2d 786). These factors, however, certainly do not support a verdict in the sum of $470,000. Furthermore, this court cannot rely on these factors to determine the proper amount of damages to be awarded in lieu of a new trial, as plaintiff seeks. These are intangible factors which should be evaluated by a jury duly instructed regarding the measure of damages. With regard to the cause of action for decedent's pain and suffering prior to death, plaintiff essentially contends that defendant's malpractice caused pain and suffering. The trial record shows, however, that plaintiff failed to present any testimony, medical or otherwise, to this effect. The fact that decedent was dehydrated or thirsty does not by itself show that he had pain or that he suffered. As to plaintiff's cause of action for loss of consortium it is true that an action lies for such

loss prior to death *(Hentze v Curry Chevrolet Sales & Servs.,* 46 AD2d 800; *Osborn v Kelley,* 61 AD2d 367, 370). However, plaintiff did not suffer any loss. Decedent was in the hospital for serious surgery. There is no indication that absent the malpractice decedent would have returned home prior to the time of death. The fact that absent the malpractice decedent may have been in better condition when plaintiff visited with him does not provide a basis for recovery here. At most his condition would have been better for one day, namely, from November 20 to 21, 1972. The loss, if there was one, was *de minimis.* Accordingly, the order under review must be affirmed. O'Connor, J. P., Cohalan, Martuscello and Mangano, JJ., concur.