OPINION OF THE COURT
Edward S. Conway, J.
This is a motion by the defendants Air Products and Chemicals, Inc., Medical Products Division and Foregger Company, Inc. for an order dismissing the first, third, fourth, fifth and seventh causes of action set forth in the plaintiff’s complaint as against them upon the ground said pleading fails to state a cause of action.
The motion is granted with respect to the fourth cause of action by consent.
The action was brought to recover damages for the wrongful death and conscious pain and suffering of the plaintiff’s decedent, as well as derivative losses on behalf of the plaintiff individually, allegedly resulting from the negligence, breach of warranty and strict products liability of the defendants with respect to a certain anesthesia machine utilized by the defendant Albany Medical Center Hospital in connection with an operative procedure to be performed on the plaintiff’s decedent on November 24, 1977.
The moving defendants were not made parties to the first cause of action and the medical malpractice alleged therein is not alleged against them; therefore, it is unnecessary to dismiss the first cause of action as to them.
The third cause of action is predicated on the strict products liability arising out of the ownership, design, manufacture, use or operation of the anesthesia machine prior to and at the time of its use upon the plaintiff’s decedent.
The movants contend that a plaintiff who receives medical care or services which necessarily include the utilization of medical equipment in conjunction with such services does not possess a cause of action based upon a theory of strict products liability, citing Perlmutter v Beth David Hosp. (308 NY 100).
This court does not agree with this contention of the defendants. The law of the case cited is inapplicable to the facts herein. The defendants do not furnish medical services, they furnish products and equipment (an anesthesia machine). *459 The cases cited by defendants insulate only a doctor or a hospital, not a products designer or a manufacturer.
The fifth cause of action seeks damages on behalf of the surviving spouse for the loss of consortium and society upon the death of his wife. This derivative cause of action was denied in Osborn v Kelley (61 AD2d 367, 370), where the court held: "We are of the view that insofar as plaintiff is attempting to recover for loss of consortium for the period prior to decedent’s death, a cause of action is stated (Hentz v Curry Chevrolet Sales & Servs., 46 AD2d 800). Such a cause of action, however, is a derivative one (cf. Millington v Southeastern Elevator Co., 22 NY2d 498). The wrongful death statute created a new cause of action based not upon damage to the estate of the deceased because of death, but rather for the pecuniary injury to the surviving spouse and next of kin of the decedent (Greco v Kresge Co., 277 NY 26, 32). Since a decedent has no cause of action to recover damages for his death (EPTL 11-3.3), plaintiff has no derivative cause of action to recover for loss of consortium due to decedent’s death.”
This court follows the Appellate Division, Third Department, even though there is a difference of opinion as evidenced by the cases in the Second Department in Martins v Ford (53 AD2d 887) and Ventura v Consolidated Edison Co. (65 AD2d 352).
In the seventh cause of action, the plaintiff seeks punitive damages. Such a claim is not a separate cause of action, but rather constitutes an element of damages (see Ferrucci v State of New York, 42 AD2d 359). However, punitive damages are not an element of pecuniary loss and are not provided for in the EPTL.
The motion of the defendants to dismiss the complaint, therefore, is granted as to the fourth, fifth and seventh causes of action and is denied as to the first and third causes of action for the reasons stated herein.