■ PATRICIA BURGESS et al., Appellants, v LOUIS DEANGELIS, Respondent.—In an action to recover damages for personal injuries, etc., the plaintiffs appeal from a judgment of the Supreme Court, Suffolk County (Gowan, J.), entered August 19, 1986, which, upon a jury verdict after a trial on the issue of liability only, is in favor of the defendant and against them.

Ordered that the judgment is affirmed, with costs.

On July 2, 1984, the plaintiff Patricia Burgess was injured when the car which she was driving in the parking lot of the Walt Whitman Mall in Huntington, Long Island, was struck by a car driven by the defendant DeAngelis. At the conclusion of the trial on the issue of liability, the jury returned a verdict in favor of the defendant.

On the instant appeal, the plaintiffs initially argue that the court, in its charge to the jury, submitted a series of factual questions for its resolution which were unclear and confusing. We disagree. Initially, it must be noted that no exception was taken to this portion of the charge, and consequently, the plaintiffs' argument on this issue has not been preserved for appellate review (CPLR 4110-b; *Pagnella v Action for a Better Community,* 57 AD2d 1076). In any event, a review of these questions and the charge as a whole indicates that the court marshaled all of the relevant facts and set forth the applicable legal principles.

The plaintiffs also argue on appeal that the verdict in the defendant's favor was against the weight of the evidence. We disagree. It is well settled that a jury verdict in favor of a

defendant should not be set aside unless "the jury could not have reached its verdict on any fair interpretation of the evidence" *(Delgado v Board of Educ.,* 65 AD2d 547, *affd* 48 NY2d 643; *Nicastro v Park,* 113 AD2d 129). A review of the instant record and the evidence adduced therein clearly indicates that a fair basis existed for the jury's verdict in the defendant's favor. Mangano, J. P., Brown, Lawrence and Spatt, JJ., concur.