■ GERRIT DEGAST et al., Appellants, v MARTIN W. LIVINGSTON et al., Respondents.—In an action to recover damages for personal injuries, etc., the plaintiffs appeal from (1) a judgment of the Supreme Court, Westchester County (Wood, J.), entered June 22, 1987, which, upon a jury verdict after a trial on the issue of liability only, is in favor of the defendants and against them, and (2) an order of the same court, entered August 3, 1987, which denied their motion to set aside the verdict.

Ordered that the judgment and order are affirmed, with one bill of costs payable to the respondents appearing separately and filing separate briefs.

The plaintiffs commenced the instant action to recover, *inter alia,* damages for injuries allegedly sustained by the plaintiff

Gerrit deGast on April 10, 1984, while performing remodeling at the premises of the defendants Martin W. and Janice Livingston.

At the trial on the issue of liability Mr. deGast testified that while carrying French doors from the patio to the rear of the home, he stepped into a hole left by the defendant Frank Presti, a gardener, who had earlier removed shrubbery from the area where the accident occurred. Although Mr. deGast claimed that he had been assisted in carrying the doors by the defendant Livingstons' son Jeffrey, his testimony was refuted by Jeffrey's testimony at an examination before trial which was admitted in evidence at trial. Jeffrey denied both assisting Mr. deGast and witnessing the accident. Thus, the only support for Mr. deGast's version of the accident was his own testimony. Following the trial, the jury returned a verdict in favor of the defendants.

Initially the plaintiffs argue that the verdict in the defendants' favor was against the weight of the evidence. We disagree. It is well settled that a verdict will be set aside as against the weight of the evidence only if the jury determination could not have been reached upon any fair interpretation of the evidence (see, Burgess v DeAngelis, 135 AD2d 679; Nicastro v Park, 113 AD2d 129). Based upon our review of the trial record and the evidence adduced therein, a fair basis clearly existed for the jury's verdict in the defendants' favor.

The plaintiffs further contend that the trial court's supplemental jury instruction on comparative negligence was both erroneous and prejudicial. We disagree. It should be noted that since no objection was made to the supplemental instruction, the issue of law is unpreserved for appellate review (CPLR 4110-b; see, e.g., Burgess v DeAngelis, supra). In any event, a review of the supplemental instruction in conjunction with the charge as a whole indicates that the court properly marshaled all of the relevant facts and set forth the applicable legal principles.

Under the circumstances, that portion of the supplemental instruction addressing Mr. deGast's special knowledge was not so prejudicial as to constitute reversible error.

We have considered the plaintiffs' contention regarding Labor Law § 200 and find it to be without merit (see, DeTommaso v Fitzgerald Constr. Corp., 138 AD2d 341). Mollen, P. J., Thompson, Rubin and Eiber, JJ., concur.