■ VOYKA KUTANOVSKI, Appellant, v FRANK DECICCO, Defendant, and CITY OF NEW YORK, Respondent, et al., Defendant.—In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Kings County (Hutcherson, J.), entered December 9, 1987, which, upon a jury verdict, is in favor of the defendant City of New York and against her.

Ordered that the judgment is affirmed, with costs.

The record establishes that a collision occurred on April 18, 1983, between a truck owned by the defendant City of New York and driven by the defendant Frank DeCicco, and a car owned and driven by the plaintiff. The accident occurred near 63rd Street in Brooklyn, approximately one mile from the point where the Belt Parkway merges with the Gowanus

Expressway. The plaintiff and two witnesses who were passengers in her car testified that the truck struck the car four times, twice in the rear, once on the left side and once in the front. However, there was testimony from a responding police officer that the only damage he observed upon his arrival at the scene was on the left side of the car and the right fender of the truck. He stated that he observed no damage to the rear of the car. In addition, DeCicco's examination before trial was read at the trial indicating that he did not see the plaintiff's car before the accident and the plaintiff's car must have cut in front of his truck.

The plaintiff argues initially that the verdict in the city's favor was against the weight of the evidence. We disagree. It is well settled that a jury verdict in favor of defendant should not be set aside unless the jury could not have reached its verdict on any fair interpretation of the evidence *(Burgess v DeAngelis,* 135 AD2d 679, 680; *Nicastro v Park,* 113 AD2d 129). A review of the evidence adduced upon trial, particularly the testimony of the police officer who responded to the accident scene, clearly indicates that a fair basis existed for the jury's verdict in the city's favor.

The plaintiff also argues that the court erred in allowing the jury to hear the conclusory statements in DeCicco's examination before trial testimony. While these statements may have constituted inadmissible opinion evidence, in view of the other evidence adduced we conclude that any error was harmless and that the plaintiff's case was not prejudiced thereby *(see, Rodriguez v Board of Educ.,* 104 AD2d 978; *Pickering v Freedman,* 32 AD2d 649).

We have examined the plaintiff's remaining contentions and find them to be without merit. Mangano, J. P., Brown, Lawrence and Eiber, JJ., concur.