■ LESTER NELSON et al., Appellants, v CITY OF NEW ROCH-ELLE et al., Respondents.—In a negligence action to recover damages for personal injuries, etc., the plaintiffs appeal from a judgment of the Supreme Court, Westchester County (Nastasi, J.), dated March 14, 1988, which, upon a jury verdict, is in favor of the defendants and against them.

Ordered that the judgment is affirmed, with costs.

The plaintiffs' contention that the trial court erred in failing to charge the jury with respect to Vehicle and Traffic Law § 1146 is unpreserved for appellate review as they voiced no objection to the charge as given (see, CPLR 4110-b; see, e.g., De Long v County of Erie, 60 NY2d 296). While the plaintiffs did except to the trial court's recharge on the definition of negligence made in response to a request from the jurors, this exception was generalized in nature and made no direct or indirect reference to Vehicle and Traffic Law § 1146. Accordingly, the exception to the recharge did not suffice to preserve the issue which the plaintiffs presently raise. In any event, we note that while the trial court did not read Vehicle and Traffic Law § 1146 verbatim during its main charge, it did accurately paraphrase the statute for the jury's consideration.

Additionally, we conclude that the trial court adequately applied the relevant principles of law to the facts of this case during its charge, and the jury's request for "a clarification of the word negligent" did not indicate juror confusion or a manifest lack of understanding of the law (cf., Bender v Nassau Hosp., 99 AD2d 744).

Finally, we find unpersuasive the plaintiffs' claim that the verdict was against the weight of the credible evidence. It is well settled that a jury verdict will not be set aside absent a showing that the jurors could not have reached their verdict on any fair interpretation of the evidence (see, Kutanovski v DeCicco, 152 AD2d 540; Burgess v DeAngelis, 135 AD2d 679; Nicastro v Park, 113 AD2d 129). A review of the evidence adduced in this case demonstrates that a fair basis existed for the verdict in the defendants' favor. Bracken, J. P., Sullivan, Harwood and Rosenblatt, JJ., concur.