■ RUTH K. KAMEN, Individually and as Executrix of GILBERT S. KAMEN, Deceased, Appellant, v CITY OF NEW YORK, Respondent, et al., Defendant.—In an action to recover damages for personal injuries, the plaintiff appeals from so much of a judgment of the Supreme Court, Kings County (Huttner, J.), entered August 3, 1988, as, upon a jury verdict in favor of the defendant the City of New York, dismissed the complaint insofar as asserted against it.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

The instant action arose as a result of a two-car collision on the Belt Parkway in Brooklyn. The injured plaintiff, Ruth Kamen, was a passenger in the car owned and operated by her husband Gilbert Kamen. Gilbert Kamen died in the accident. The Kamens were driving westbound when a station wagon owned and operated by the defendant Harold Brown, traveling in the opposite direction, jumped the median guardrail and struck the Kamen's car head on. An action was commenced against Harold Brown for, *inter alia,* negligent driving and the City of New York for, *inter alia,* negligent maintenance of the median guardrail as well as the nearby concrete curb. After a trial by jury, a judgment was entered in favor of the plaintiff and against the driver who was found to be 100% at fault. The action against the City of New York was dismissed after a finding of no liability.

The plaintiff claims that the defense counsel for the City of New York made several improper comments during the course of the trial. However, the plaintiff's failure to move for a mistrial on the grounds which she now claims constituted reversible error amounted to a waiver of these objections *(see, Scott v Mason,* 155 AD2d 655, 657; *Kane v Zade,* 63 AD2d 993; *Reilly v Wright,* 55 AD2d 544, 545; *Dunne v Lemberg,* 54 AD2d 955, 956; *Moore v Town of Huntington,* 39 AD2d 764). In any event, we have determined that the plaintiff received a fair and proper trial. The comments complained of do not rise to the level of the type of error mandating reversal *(see, e.g., Vassura v Taylor,* 117 AD2d 798; *Weinberger v City of New York,* 97 AD2d 819; *Giuamara v O'Donnell,* 96 AD2d 1049; *Caraballo v City of New York,* 86 AD2d 580).

Moreover, we find unpersuasive the plaintiff's claim that the verdict was against the weight of the credible evidence. It is well settled that a jury verdict will not be set aside absent a showing that the jurors could not have reached their verdict on any fair interpretation of the evidence *(see, Vebeliunas v American Natl. Fire Ins. Co.,* 156 AD2d 555, 556; *Maldonado v Sunshine,* 156 AD2d 341; *Nelson v City of New Rochelle,* 154 AD2d 661; *Kutanovski v DeCicco,* 152 AD2d 540; *Nicastro v Park,* 113 AD2d 129, 133). A review of the evidence adduced in this case demonstrates that a fair basis existed for the verdict in the city's favor.

We have reviewed the plaintiff's remaining contention regarding the nondisclosure of discoverable documents and find it to be without merit. Thompson, J. P., Kunzeman, Lawrence and O'Brien, JJ., concur.