■ LOU B. THOMAS, Appellant, v WESTINGHOUSE ELECTRIC CORPORATION, Respondent.—Judgment, Supreme Court, New York County (Martin Evans, J.) entered November 20, 1990, which, upon a jury verdict in defendant's favor, dismissed the complaint, unanimously affirmed, without costs.

There is ample evidence in the record to support the jury's determination that an elevator, in which plaintiff was a passenger in December 1978 and in which she sustained an injury, was not defective *(see, Cohen v Hallmark Cards,* 45 NY2d 493). The elevator, which was designed and manufactured by defendant Westinghouse Electric Corporation, contained an "E5" interlock mechanism system, which prevents the cab from moving if the hoisting door and cab doors are not completely closed. It was installed in New York Telephone's (NYT) Pearl Street building in or about 1976 and NYT was responsible for its maintenance at the time of the incident. Plaintiff settled her action against NYT before trial. Defendant's expert witness attributed the cause of the abrupt descent and stop of the elevator to poor maintenance.

Contrary to plaintiff's contention, the trial court did not err in refusing to allow into evidence defendant's "Product Safety

Bulletin" sent to its customers some three months after the accident recommending that they replace the "E5" interlock brackets with a newer "E5A" interlock bracket that would be less prone to acts of "vandalism and other abuse". The bulletin fails to qualify as a "recall letter", as characterized by plaintiff. Even if the document could be viewed as a recall letter pertaining to a defectively designed product, which it is not, admission of post-accident modification of a defective design was properly denied (see, Opera v Hyva, Inc., 86 AD2d 373, 377).

In the context of this case, since the maintenance of the elevator was the duty of NYT and liability against defendant could only be premised on the theory that the elevator was a defective product, the trial court did not err in declining to separately charge the jury on the theory of negligence. Concur —Milonas, J. P., Wallach, Ross, Asch and Smith, JJ.