■ GRAWER BEAR CONSTRUCTION CORP., Respondent, v BELLINO CONSTRUCTION CO., INC., et al., Appellants, et al., Defendant. [600 NYS2d 254] —In an action to foreclose a mechanic's lien, the defendants Bellino Construction Co., Inc., and Naclerio Contracting Co., Inc., Joint Venture, and Bellino Construction Co., Inc., and Naclerio Contracting Co., Inc., Joint Venture III, and Reliance Insurance Company of New York, and Aetna Casualty and Surety Company appeal from a judgment of the Supreme Court, Westchester County (Marbach, J.), entered November 25, 1988, which, inter alia, awarded the plaintiff damages in the principal sum of $82,791.66.

Ordered that the judgment is modified, by deleting the provisions thereof which held that the plaintiff is entitled to judgment against Reliance Insurance Company of New York and Aetna Casualty and Surety Company, Inc.; as so modified, the judgment is affirmed, with costs to the plaintiff payable by the appellants except for Reliance Insurance Company of New York and Aetna Casualty and Surety Company.

The defendants, joint venturers comprised of Bellino Construction Co., Inc., and Naclerio Contracting Co., Inc., were

the general contractors, and the plaintiff was the subcontractor, on two public improvement projects: the Hutchinson River Parkway project located in Westchester County and the Bedford Park Boulevard project located in the Bronx. The plaintiff filed mechanic's liens against both projects. The lien against the Hutchinson River Parkway project was discharged by a bond executed by the defendants, as principal, and Aetna Casualty and Surety Company and Reliance Insurance Company of New York, as sureties.

"A lienor whose lien has been discharged by a bond may do either of two things: (1) He may bring an action to foreclose the lien against the debtor alone, and if he recovers judgment establishing the validity of the lien and its amount, then maintain an action against the surety for the amount. In such case, the obligation of the surety is to pay any judgment which may be rendered enforcing the lien, whether the surety is a party to the former action or not * * * (2) The lienor may bring an action in equity against the debtor and the surety on the bond and obtain therein a judgment establishing the validity and amount of the lien and a personal judgment against the judgment debtor and the surety on the bond" (77 NY Jur 2d, Mechanic's Liens, § 341; *Harley v Plant,* 210 NY 405, 409-410; *Morton v Tucker,* 145 NY 244, 247-249).

Here, the plaintiff chose the former, rather than the latter, course of action. The plaintiff brought this action against the debtors, the defendants Bellino Construction Co., Inc. and Naclerio Contracting Co., Inc., Joint Venture, and Bellino Construction Co., Inc., and Naclerio Contracting Co., Inc., Joint Venture III, but did not join the sureties. Having obtained a judgment against the primary debtors, the plaintiff must now maintain another action against the sureties on the bond *(see,* 77 NY Jur 2d, Mechanic's Liens, § 341).

With respect to the appellants' contention that the court's award to the plaintiff is unsupported by the evidence, on the record before us, we find that plaintiff met its burden of proving the extent of its damages by competent evidence *(see,* 36 NY Jur 2d, Damages, § 186).

We also reject the appellants' contention that the court committed reversible error in admitting into evidence a hearsay letter from the Deputy Commissioner of Highway Operations. While this letter may have constituted inadmissible hearsay evidence, in view of the other evidence adduced at trial, any error was harmless and the appellants' case was not prejudiced thereby *(see, Kutanovski v DeCicco,* 152 AD2d 540).

We have considered the appellants' remaining contentions and find them to be without merit. Thompson, J. P., Miller, Santucci and Joy, JJ., concur.