■ OLGA TORRADO, Individually and as Administratrix of the Estate of LUZ TORRADO, Deceased, Appellant-Respondent, v LUTHERAN MEDICAL CENTER, Respondent-Appellant. [603 NYS2d 325] —In a medical malpractice action to recover damages for wrongful death and conscious pain and suffering, (1) the plaintiff appeals from so much of an interlocutory judgment of the Supreme Court, Kings County (Bellard, J.), entered April 5, 1991, as, upon an order setting aside that portion of a jury verdict which awarded damages to her in the amount of $2,000,000 for conscious pain and suffering and $2,000,000 for wrongful death, directed a new trial on the issue of damages, and (2) the defendant hospital cross-appeals, as limited by its brief, from so much of the interlocutory judgment as, upon an order denying its motion to set aside the liability verdict, found it 100% at fault for the plaintiff's injuries.

Ordered that the interlocutory judgment is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

We conclude, as did the trial court, that the jury's award was excessive *(see,* CPLR 5501 [c]). The trial court, therefore, did not improvidently exercise its discretion in setting aside the award and granting a new trial solely on the issue of

damages *(see, Richardson v Lutheran Hosp.,* 70 AD2d 933; *see also, Nicastro v Park,* 113 AD2d 129).

The defendant contends that it is also entitled to a new trial on the issue of liability on the ground that certain comments in the plaintiff's closing argument were highly inflammatory. Specifically, the defendant contends that it was improper for the plaintiff's counsel to ask the jury to consider the response of the decedent's children if they were told "We'll give you all the riches of the world but the price to you, to the children, is that we are going to poison your mother, we're going to kill your mother". The court sustained an objection to the remarks and instructed the jury to disregard them.

This issue is not preserved for appellate review, as no additional curative instructions were requested and no motion for a mistrial was made with respect to these particular remarks *(see, Kamen v City of New York,* 169 AD2d 705; *Dunne v Lemberg,* 54 AD2d 955). In any event, while we agree with the defendant that these remarks were improper, we find that reversal of the liability verdict is not warranted, as this misconduct did not divert the jurors' attention from the issues to be determined with respect to liability or deprive the defendant of a fair trial *(see, Kamen v City of New York, supra; John v Supermarket Gen. Corp.,* 116 AD2d 625; *cf., Vassura v Taylor,* 117 AD2d 798). Lawrence, J. P., Eiber, O'Brien and Santucci, JJ., concur.