■ LUIS CHICO et al., Appellants, v IRVING PRINTING MACHINERY CORP., Respondent, and BRANDTJEN & KLUGE INCORPORATED, Defendant and Third-Party Plaintiff-Respondent. STAFF DIE CUTTING CO., INC., Third-Party Defendant-Respondent. (And a Second Third-Party Action.) [675 NYS2d 297] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of a judgment of the Supreme Court, Queens County (Dye, J.), entered June 24, 1997, as, after a jury trial, (1) is in favor of the defendant third-party plaintiff Brandtjen & Kluge dismissing the complaint insofar as asserted against it, and (2) found the plaintiff Luis Chico 25% at fault in the happening of the accident.

Ordered that the judgment is affirmed insofar as appealed from, with one bill of costs.

Contrary to the appellants' contention, the jury's inconsistent responses to the interrogatories with regard to third-party defendant Staff Die Cutting Co., Inc. and the appellant Luis Chico do not require reversal as to that portion of the judg-

ment which is in favor of the defendant third-party Brandtjen & Kluge (*see, e.g., Leal v Simon,* 147 AD2d 198). There is ample evidence in the record to support the jury's determination that the press manufactured by Brandtjen & Kluge was not defective and that Brandtjen & Kluge provided adequate warnings (*see, Cohen v Hallmark Cards,* 45 NY2d 493; *Thomas v Westinghouse Elec. Corp.,* 180 AD2d 491).

The plaintiffs' claims that the cumulative effect of the arguments and remarks of counsel for Brandtjen & Kluge deprived them of a fair trial are unpreserved for appellate review, and, in any event, are without merit (*see, Klein v Academy of Model Aeronautics,* 246 AD2d 629; *Bacigalupo v Healthshield, Inc.,* 231 AD2d 538; *Smith v City of New York,* 217 AD2d 423; *Torrado v Lutheran Med. Ctr.,* 198 AD2d 346; *Kamen v City of New York,* 169 AD2d 705). Further, the Supreme Court properly precluded the appellants' counsel from commenting during summation about a videotape which was not admitted into evidence.

In light of the statement in the appellants' brief that their remaining contention should be considered only if the action is reinstated insofar as asserted against Brandtjen & Kluge, and our conclusion that the action should not be so reinstated, the appellants' remaining contention has not been addressed. Sullivan, J. P., Santucci, Joy and Krausman, JJ., concur.