■ JOSE MORALES, Appellant, v NEW YORK CITY TRANSIT AUTHORITY et al., Respondents. [758 NYS2d 332] —Judgment, Supreme Court, New York County (Louis York, J.), entered

July 27, 2001, upon a jury verdict, in favor of defendant and against plaintiff, and bringing up for review an order, same court and Justice, entered December 8, 1999, which denied plaintiff's motion to set aside the verdict as contrary to the weight of the evidence, unanimously affirmed, without costs. Appeal from the December 8, 1999 order, unanimously dismissed, without costs, as subsumed in the appeal from the ensuing judgment.

The verdict was not contrary to the weight of the evidence, which, fairly considered, supported the jury's finding (*see Nicastro v Park*, 113 AD2d 129, 134 [1985]) that defendant bus driver was not shown to have committed a safety violation or to have been otherwise negligent in maneuvering his bus past plaintiff police officer as plaintiff directed a vehicle parked in the bus stop to move. While the rear of the bus brushed plaintiff, the credited evidence established that the bus driver was attentive to the situation and that he exercised due care in changing lanes to reach the bus stop area. Indeed, according to the driver's testimony, he honked his horn to alert plaintiff of the bus's presence and plaintiff glanced back as if to take notice of the bus. To the extent that there was conflicting evidence as to whether the driver exercised due care, the resulting factual and credibility issues were for the jury to resolve, and it was the jury's "prerogative to resolve [them] as it did" (*Rogers v Cosco, Inc.*, 303 AD2d 276 [2003]).

When viewed in the context of the trial court's adequate instructions and proper charge, any preserved improprieties in the summation remarks of defense counsel were not so prejudicial as to warrant reversal of the defense verdict. The claimed "misconduct did not divert the jurors' attention from the issues to be determined with respect to liability or deprive [plaintiff] of a fair trial" (*Torrado v Lutheran Med. Ctr.*, 198 AD2d 346, 347 [1993]). Concur—Nardelli, J.P., Andrias, Sullivan, Rosenberger and Wallach, JJ.