■ GERARDO ZARRELLI, Appellant, v NATHAN LITTAUER HOSPITAL et al., Respondents.—Weiss, J. Appeal from a judgment of the Supreme Court (White, J.), in favor of defendants, entered August 20, 1990 in Fulton County, upon a dismissal of the complaint at the close of plaintiff's case.

Plaintiff commenced this medical malpractice action against defendants alleging that they misread pathology slides and failed to timely diagnose his Hodgkin's disease condition. During pretrial discovery and pursuant to defendants' request for information pertaining to expert witnesses who would testify at trial (see, CPLR 3101 [d] [1] [i]), plaintiff identified his expert witnesses, one being Edward Greenwald, an oncologist, and the other being a member of the pathology department of Albany Medical Center Hospital, which department had re-read the slides and found the evidence of Hodgkin's disease.

At trial plaintiff never asked Greenwald to give his opinion concerning the pathology slides. On cross-examination, Greenwald testified that he was not a pathologist and that he was unqualified to read the pathology slides and render an opinion thereon. Greenwald gave no indication that he had read the slides. Plaintiff also called Maneka Hussain, a consulting pathologist at Albany Medical Center, who diagnosed plaintiff's Hodgkin's disease from the original slide. Hussain appeared with legal counsel and refused to render any expert medical opinion. During the trial, plaintiff's counsel retained Jack Davies as an expert pathologist. Defendants objected to Davies being called as an expert witness because plaintiff had failed to comply with CPLR 3101 (d) (1) (i). Plaintiff argued that he was surprised by Greenwald's failure to give an opinion concerning the slides, by Hussain's refusal to render his professional opinion relative to defendants' reading of the slide, and by defendant Song Shik Choi's unequivocal testimony concerning his reading of the slide. Based upon these unanticipated surprises, plaintiff contended that he should have been permitted to call the newly retained expert. Defendants objected claiming surprise and prejudice to the preparation of their defense. Supreme Court granted defendants' motion to preclude Davies' testimony. At the close of plaintiff's case defendants' motion for judgment dismissing the complaint upon plaintiff's failure to present a prima facie case was granted. Plaintiff has appealed.

Plaintiff initially contends that his disclosure of experts

pursuant to CPLR 3101 (d) (1) (i) was sufficient to cover Davies. We disagree. The record is devoid of any suggestion that plaintiff contemplated calling Davies, a pathologist with a significant reputation and resume, or a pathologist of a like reputation as his expert witness. Rather, the expert was described as the available member of the pathology department of Albany Medical Center who had examined the specimen of plaintiff's lymph nodes.

Plaintiff next contends that he was surprised by the testimony of the doctors he had identified as his experts. Again there is no support for such argument in the record. Plaintiff was aware as early as 1985 that Greenwald, who he had retained as his expert, was an oncologist and not a pathologist, that Greenwald had not reviewed the slide and that he was assuming the correctness of Albany Medical Center's reading of the slide. This information was reaffirmed in an affidavit by Greenwald dated April 3, 1989 in support of plaintiff's CPLR 2004 motion for an extension to file a late notice of medical malpractice action in which he asserted merit to his claim. During trial, plaintiff never asked his expert for an opinion concerning the slides or their contents.

Plaintiff failed to demonstrate that he had a reasonable expectation that the Albany Medical Center pathologist he subpoenaed would be willing to testify in his favor as an expert witness. Supreme Court did not abuse its discretion in finding that the circumstances surrounding the predicament in which plaintiff found himself at trial did not constitute "good cause" under CPLR 3101 (d) (1) (i) (see, Simpson v Bellew, 161 AD2d 693, lv denied 77 NY2d 808). The record is devoid of any indication that Greenwald testified in any manner inconsistent with realistic expectations of plaintiff's attorney or with any previously made statements, promises or testimony. Choi's prejudice is revealed in defendants' opening statement where defense counsel indicated that the essence of the case distilled to the testimony of two practicing pathologists and their different but arguably "reasonable" interpretations of the pathology slides. Defendants would then be faced, in the middle of trial, with the dilemma of having to retain an expert to counter plaintiff's surprise proof and depart from the strategy as set forth in their opening statement. Under these circumstances, the court properly exercised its discretion when it precluded the testimony from plaintiff's proposed new expert (see, Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3101:29, at 43) and the judgment dismissing the complaint should be affirmed.

Mahoney, P. J., Levine and Mercure, JJ., concur. Ordered that the judgment is affirmed, with costs.