■ Rosanne Corning, Appellant, v Andrew Carlin, Respondent.—In an action to recover damages for legal malpractice, the plaintiff appeals from a judgment of the Supreme Court, Westchester County (Gurahian, J.), dated September 6, 1989, which, upon granting the defendant's motion, made at the close of the plaintiff's case, to dismiss the complaint for failure to prove a prima facie case, inter alia, is in favor of the defendant and against her dismissing the complaint.

Ordered that the judgment is affirmed, with costs.

The plaintiff commenced this action to recover damages for legal malpractice in 1986, alleging that the defendant had negligently represented her in a matrimonial action. In September 1986 the defendant served a demand for expert information pursuant to CPLR 3101 (d) (1). The demand was a "continuing demand, requiring the disclosure of information whenever it is received". The plaintiff never responded to the demand. The trial began in August 1989, nearly three years later. When the plaintiff called her first witness, an expert, the defendant moved to preclude his testimony on the ground that the plaintiff had failed to disclose the existence of her expert. The trial court granted the defendant's motion.

CPLR 3101 (d) (1) (i) requires a party to disclose his or her

expert witness and certain expert information prior to trial when served with a proper demand. The statute also provides, however, that "where a party for *good cause shown* retains an expert an insufficient period of time before the commencement of trial to give appropriate notice thereof, the party shall not thereupon be precluded from introducing the expert's testimony at the trial solely on grounds of noncompliance with this paragraph" (CPLR 3101 [d] [1] [i] [emphasis added]). In this case, the plaintiff failed to show good cause why she did not retain an expert until the very eve of trial and then failed to disclose his existence until after opening statements had been made. Under such circumstances, the trial court's preclusion order was proper *(see, Simpson v Bellew,* 161 AD2d 693, 698; *Zarrelli v Littauer Hosp.,* 176 AD2d 1181). To the extent that the decision of the Appellate Division, Fourth Department, in *Lillis v D'Souza,* (174 AD2d 976) may be read to be contrary, we decline to follow it.

We have considered the plaintiff's remaining contention and find that it is without merit. Lawrence, J. P., Balletta, Rosenblatt and O'Brien, JJ., concur.