■ Miguel Carrasquillo et al., Appellants, v American Type Founders Co., Inc., Respondent.—Judgment, Supreme Court, New York County (Martin Evans, J.), entered February 8, 1991, upon a jury verdict, in favor of defendant and against plaintiff dismissing the complaint, unanimously affirmed, without costs.

On this record, the jury could have reasonably concluded that plaintiff failed to meet his burden of demonstrating that defendant's printing press was defectively designed *(Caprara v Chrysler Corp.,* 52 NY2d 114; *see generally, Yalkut v City of New York,* 162 AD2d 185). While plaintiff's experts testified that the absence of a safety guard around the roller in which plaintiff's hand was caught constituted a design defect, defendant's expert testified to the contrary, and there was also testimony from one of plaintiff's own witnesses that the proper manner in which to clean the machine required that it be turned off. In view of the conflicting testimony as to the existence of a design defect, which the jury chose to resolve in defendant's favor, the verdict should not be disturbed *(see, Niewieroski v National Cleaning Contrs.,* 126 AD2d 424, *lv denied* 70 NY2d 602).

The errors plaintiff assigns to the court's jury instructions were not properly preserved for review as a matter of law, plaintiff's counsel having failed to specifically object in a timely manner when requested to do so at the precharge and postcharge stages of the trial *(McCummings v New York City Tr. Auth.,* 177 AD2d 24). Clarification of plaintiff's objections to the charge in his postverdict motion did not cure this omission (CPLR 5501 [a] [3]; *Stern v Waldbaum, Inc., No. 10,* 109 AD2d 789). In any event, were we to review in the exercise of discretion, we would find that the trial court's jury instructions were well balanced and proper *(see, Voss v Black & Decker Mfg. Co.,* 59 NY2d 102).

We have reviewed plaintiff's other claims and find them to

be without merit. Concur—Milonas, J. P., Kupferman, Ross, Asch and Rubin, JJ.