■ Cynthia A. Godfrey, Appellant, v Margo E. Dunn, Respondent.—Mikoll, J. Appeal (transferred to this Court by order of the Appellate Division, Second Department) from a judgment of the Supreme Court (Miller, J.), entered May 28, 1991 in Orange County, upon a verdict rendered in favor of defendant.

On this appeal plaintiff seeks a reversal of the verdict rendered in favor of defendant in a negligence action tried on the issue of damages only. The jury answered "no" to the question "did the plaintiff * * * sustain a ventral hernia which was proximately caused by the accident of July 13, 1987?" Plaintiff claims that Supreme Court erred in denying her requests to preclude defendant's medical expert from testifying at trial on the ground that defendant failed to comply with the notice requirements of CPLR 3101 (d) (1) and for a missing witness charge. Plaintiff also claims that the court erred in limiting her summation regarding the missing witness.

We hold that Supreme Court properly denied plaintiff's pretrial request to preclude defendant's medical expert witness from testifying. Although defendant had not complied with the requirements of CPLR 3101 (d) (1) requiring disclosure of a party's expert witness and certain expert information prior to trial, plaintiff also violated the provision because plaintiff first stated that no experts had been retained and it was not until the February 19, 1991 report received February 21, 1991 that defendant was first informed of the opinion by plaintiff's surgeon that the ventral hernia was caused by the accident. Thus, both parties failed to initially comply with the notice requirement of CPLR 3101 (d) (1) and it cannot be said that Supreme Court abused its discretion in denying plaintiff's request for an order of preclusion on the facts of this case (see, Soper v Wilkinson Match, 176 AD2d 1025; see also, Corning v Carlin, 178 AD2d 576, 576-577). Further, as there was no claim of surprise by plaintiff's attorney and he admitted that

he had learned of defendant's medical expert's testimony during the pretrial conference held on March 1, 1991, 17 days before the trial commenced, plaintiff can make no viable claim of prejudice or surprise *(see, Corning v Carlin, supra; Zarrelli v Littauer Hosp.,* 176 AD2d 1181, 1182; *Lillis v D'Souza,* 174 AD2d 976, *lv denied* 78 NY2d 858).

Plaintiff's argument that Supreme Court erroneously denied her request for a missing witness charge because of defendant's failure to call Martin Altchek, an orthopedic surgeon who examined plaintiff on behalf of defendant, is without merit. The missing witness charge "is appropriate only if the witness is in a position to give substantial evidence, not merely cumulative evidence" *(Diorio v Scala,* 183 AD2d 1065; *see, Cornell Pharmacy v Guzzo,* 135 AD2d 1000, *lv dismissed* 71 NY2d 928). Altchek examined plaintiff only for her orthopedic injuries which plaintiff's attorney conceded had cleared up and were not the injuries for which the action was commenced. Altchek had stated in his report that he was not qualified to discuss the issue of the permanency of the ventral hernia. Thus, Altchek was not in a position to give substantial or relevant evidence concerning plaintiff's ventral hernia.

Finally, Supreme Court likewise did not err in precluding plaintiff from commenting during summation on defendant's failure to call Altchek to testify since Altchek's testimony on the orthopedic injuries was not relevant to the issue to be decided *(see, DeVaul v Carvigo Inc.,* 138 AD2d 669, 670, *appeal dismissed* 72 NY2d 914, *lv denied* 72 NY2d 806; *see also,* 8 Carmody-Wait 2d, NY Prac § 56:300, at 399).

Weiss, P. J., Yesawich Jr., Mercure and Crew III, JJ., concur. Ordered that the judgment is affirmed, with costs.