■ Ross HAGEMAN et al., Appellants, v IVAN V. JACOBSON et al., Respondents. [608 NYS2d 180] —Judgment, Supreme Court, New York County (Harold Baer, Jr., J.), entered October 26, 1992, after jury trial, finding in favor of defendants, unanimously affirmed, without costs.

In this action for medical malpractice, plaintiff Suzanne Hageman ("Suzanne") claims that shortly before her delivery due date, her obstetrician, defendant Ivan V. Jacobson ("Dr. Jacobson"), performed certain maneuvers on her abdomen in an attempt to turn her fetus from breech position which caused the placenta to detach, resulting in lack of oxygen to the fetus and consequent severe brain damage prior to birth. She testified that he never told her that he was trying to turn the fetus and he testified that he had never done such maneuvers on anyone. Lacking substantiation that Dr. Jacobson ever performed the maneuvers claimed, plaintiffs' expert testimony was, at best, equivocal on the subject of the appropriateness of Dr. Jacobson's care and his ability to diagnose or remedy the conditions which could have interrupted the passage of oxygen, resulting in the infant's brain damage *in utero*. The case against defendant St. Luke's-Roosevelt Hospital Center ("St. Luke's") was even weaker, its liability necessarily premised first on a finding that Dr. Jacobson, a private physician, ordered treatment which was so contraindicated under the circumstances that the St. Luke's staff was required to inquire into the soundness of the course of treatment and then did not do so *(see, Pollicina v Misericordia Hosp. Med. Ctr.,* 158 AD2d 194 [1st Dept 1990]).

The trial court did not err in precluding plaintiffs from reading into evidence or using as a prior inconsistent statement, the response prepared on Dr. Jacobson's behalf to their request for expert witness disclosure pursuant to CPLR 3101 (d) (1). Such statements are not sworn, as are interrogatory answers, affidavits, trial or pretrial testimony, nor are they in the nature of pleadings, to be used for any purpose against a party. It could not be admitted as a prior inconsistent statement of Dr. Jacobson or of his expert witness when neither of them had drafted the response. Nor was it an appropriate basis for the opinions of plaintiffs' experts when neither of them indicated in any way that they relied on it in forming their own opinions. Moreover, it did not constitute the type of information upon which expert opinion is properly founded (see, Matter of Aetna Cas. & Sur. Co. v Barile, 86 AD2d 362, 364-365 [1st Dept 1982]). In any event, the testimony, while not following precisely the formulation of the response, was not so inconsistent with the information and opinions contained therein, nor so misleading, as to warrant preclusion of the expert testimony or reversal (see, Parsons v City of New York, 175 AD2d 783 [1st Dept 1991]).

On the other hand, plaintiffs' response to St. Luke's request for expert testimony which incorporated by reference their earlier response addressed to Dr. Jacobson, was so misleading concerning plaintiffs' claim that St. Luke's failed to diagnose a condition allegedly suffered by Suzanne when she was admitted as to be wholly inadequate under the statute and to warrant the trial court's preclusion of the expert's testimony and non-submission of the issue to the jury as against St. Luke's (see, Parsons v City of New York, supra).

The court did not err in limiting the examination of a rebuttal witness called on a collateral matter affecting, at best, Dr. Jacobson's credibility. Finally, there was ample, if not overwhelming, evidence to support the jury's verdict. We have considered the other issues raised and find them to be without merit. Concur—Murphy, P. J., Sullivan, Carro, Wallach and Tom, JJ.