■ JENNIFER BEARD, Appellant, v BRUNSWICK HOSPITAL CENTER, INC., et al., Respondents. [632 NYS2d 805] —In an action to recover damages for medical malpractice, the plaintiff appeals from a judgment of the Supreme Court, Suffolk County (Gerard, J.), entered October 1, 1993, which, upon the granting of the motion by the defendants Nassau-Suffolk Orthopedic As-

sociates, P. C., and Armond Prisco, M.D., for judgment as a matter of law at the close of the plaintiff's case, and upon a jury verdict in favor of the defendant Michael Carroll on the issue of liability, is in favor of the defendants.

Ordered that the judgment is affirmed, with costs.

This action arises from the defendants' surgical treatment of the plaintiff's hammertoe condition of both feet. The plaintiff alleged that the surgery was negligently performed, and that the defendants did not adequately explain either the available alternatives or the risks inherent in the procedure, for had she known that her feet would be left "deformed" by the operation, she would not have consented to it.

At the close of the plaintiff's case, the trial court granted the motion of Dr. Prisco for dismissal of the complaint as against him on the basis that the evidence adduced established that he had merely assisted in the operation on the plaintiff's feet and had not acted as the primary surgeon, and that only Dr. Carroll, the primary surgeon, was legally required to obtain the plaintiff's informed consent.

The trial court correctly determined that, viewing the evidence adduced in the light most favorable to the plaintiff, the jury could not have concluded by any rational process that Dr. Prisco was the primary surgeon. Accordingly, the court properly granted Dr. Prisco's motion for dismissal of the malpractice claim as against him. In addition, even if, under the particular circumstances of this case, it is assumed that Dr. Prisco had a duty to obtain the plaintiff's informed consent, the trial court's dismissal of the plaintiff's claim based upon lack of informed consent as against Dr. Prisco was harmless because the jury found that the plaintiff had been adequately informed of the risks of her surgery by Dr. Carroll, her primary surgeon (see, Shkolnik v Hospital for Joint Diseases Orthopaedic Inst., 211 AD2d 347; cf., Spinosa v Weinstein, 168 AD2d 32, 39-40).

Finally, the trial court properly rejected the plaintiff's motion for preclusion of the testimony of the defendants' expert because of the alleged inadequacy of the defendants' response to the plaintiff's request pursuant to CPLR 3101 (d) (1) (i) for information about the defendants' expert. The defendants' response was not so inadequate as to have been misleading nor so insufficient that it resulted in prejudice or surprise to the plaintiff (see, Hageman v Jacobson, 202 AD2d 160; Godfrey v Dunn, 190 AD2d 896; Marra v Hensonville Frozen Food Lockers, 189 AD2d 1004), particularly when viewed in light of the plaintiff's own general response to the defendants' demand for

expert witness information (*see, Godfrey v Dunn, supra*). Rosenblatt, J. P., Miller, Ritter and Friedmann, JJ., concur.