■ ANTONIO SALVATO et al., Appellants, v CRP SANITATION, INC., et al., Respondents. [643 NYS2d 749] —Mikoll, J. P.

On the morning of June 19, 1992, plaintiff Antonio Salvato (hereinafter plaintiff) sustained an injury to his left shoulder when he allegedly was struck by a dumpster that fell from a garbage truck owned by defendant CRP Sanitation, Inc. and operated by defendant Michael Martin. Plaintiff was then 70 years old and working at the Mile Square Plaza parking area. It was his job to pick up litter, place it in bags and throw the bags of trash into the dumpster to be hoisted up and emptied into a CRP garbage truck.

Plaintiff and his wife, derivatively, commenced the instant action against CRP and Martin alleging, *inter alia,* that defendants negligently operated the garbage truck and dumpster, causing plaintiff's injury and damages. The action was tried and a jury returned a verdict in favor of defendants. Supreme Court then denied plaintiffs' oral motion to set aside the jury verdict as not supported by legally sufficient evidence and/or as against the weight of the evidence.

The judgment must be affirmed. It cannot be said that "there is simply no valid line of reasoning and permissible inferences which could possibly lead rational [people] to the conclusion reached by the jury on the basis of the evidence presented at trial" (*Cohen v Hallmark Cards,* 45 NY2d 493, 499). Therefore,

we find the verdict to be supported by legally sufficient evidence. Nor is the verdict against the weight of the evidence as the evidence does not so preponderate in plaintiffs' favor that the verdict could not have been reached on any fair interpretation of the evidence (*see, Lolik v Big V Supermarkets*, 86 NY2d 744, 746; *Moffatt v. Moffatt*, 86 AD2d 864, *affd* 62 NY2d 875).

Plaintiff's version of the incident differed acutely from Martin's version. At trial, plaintiff contradicted his earlier examination before trial testimony as to distances, his communications with Martin and how the accident occurred. Resolution of the credibility of the witnesses lies within the province of the jury (*see, Holmberg v Traverse*, 213 AD2d 924, 926) and we will not disturb the jury's resolution of issues of credibility.

Based on the trial evidence, the jury could conclude that the accident was due to plaintiff's own carelessness and lack of reasonable regard for his own safety and not any activity attributable to defendants. We have considered plaintiffs' other claims of error and find them without merit.

Mercure, Crew III, Yesawich Jr. and Peters, JJ., concur. Ordered that the judgment is affirmed, with costs.