■ JOSEPH MULLER et al., Appellants, v EQUITABLE LIFE ASSURANCE SOCIETY OF THE UNITED STATES, Defendant and Third-Party Plaintiff-Respondent, and NICO CONSTRUCTION COMPANY, INC., Respondent. S.G. WARBURG (U.S.A.) et al., Third-Party Defendants-Respondents. [654 NYS2d 613] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from a judgment of the Supreme Court, Kings County (Vinik, J.), entered October 3, 1995, which, upon a jury verdict, is in favor of the defendants and against them dismissing the complaint.

Ordered that the judgment is affirmed, with one bill of costs.

The plaintiff Joseph Muller was injured while carrying a steel beam on a construction project at a building owned by the defendant Equitable Life Assurance Society of the United States. He was employed by a subcontractor at the site, Burgess Steel Corp. (hereinafter Burgess). At trial, the plaintiffs presented evidence that Joseph Muller's injury occurred because he tripped over a metal track which was left on the floor by an employee of the general contractor, the defendant Nico Construction Co., Inc. (hereinafter Nico). However, the plaintiffs' evidence as to the cause of the injury was contradicted by the testimony of Burgess' field superintendent on the construction site.

During summation, the plaintiffs clearly conveyed to the jury their theory of liability, i.e., that the accident occurred because the defendants negligently failed to remove the metal

track. In response to the first interrogatory on the verdict sheet, the jury determined that Joseph Muller did not, in fact, trip over a metal track. Accordingly, as there was no other theory of liability, the court dismissed the complaint.

On appeal, the plaintiffs contend that the trial court improvidently exercised its discretion in permitting Nico's expert to testify as to the size of the steel beam which Joseph Muller was carrying when he allegedly tripped. However, in view of the plaintiffs' theory of liability and the jury's verdict, any error in this regard was harmless (*see, Altman v Deepdale Gen. Hosp.*, 124 AD2d 768). In any event, we find that the court providently exercised its discretion (*see, Citron v Northern Dutchess Hosp.*, 198 AD2d 618).

The plaintiffs' contention on appeal regarding the verdict sheet is unpreserved for appellate review (*see, Carrasquillo v American Type Founders Co.*, 183 AD2d 410). In view of the jury's determination that Joseph Muller did not trip over a metal track, any alleged error in the court's charge with respect to a subcontractor's liability under Labor Law § 241 (6) is academic (*see, Treyball v Clark*, 106 AD2d 444, *affd on other grounds* 65 NY2d 589). O'Brien, J. P., Joy, Friedmann and Florio, JJ., concur.