■ PAUL S. POSS, Appellant, v YELTA N. FERINGA, Appellant, and MARCIA L. RICHARDS, Respondents, et al., Defendants. (And Two Other Related Actions.) [660 NYS2d 505] — White, J. P. Appeal from a judgment of the Supreme Court (Ingraham, J.), entered May 7, 1996 in Chenango County, upon a verdict rendered in favor of defendant Marcia L. Richards.

Plaintiffs Paul S. Poss, Timothy J. Wilber and Patrick T. Acker commenced these negligence actions to recover damages for the personal injuries they sustained on September 11, 1993 when the vehicle in which they were passengers was involved in a head-on collision with a stolen vehicle operated by defendant Yelta N. Feringa and owned by defendant Marcia L. Richards. The primary issue in the trial of their actions was whether liability could be imposed upon Richards by reason of her alleged violation of Vehicle and Traffic Law § 1210 (a), which reads in pertinent part as follows: "No person driving or in charge of a motor vehicle shall permit it to stand unattended without * * * locking the ignition [and] removing the key from the vehicle * * * however, the provision for removing the key from the vehicle shall not require the removal of keys hidden from sight about the vehicle for convenience or emergency" (see, Johnson v Manhattan & Bronx Surface Tr. Operating Auth., 71 NY2d 198, 206-207).

Richards testified that in the early evening of September 11, 1993 she parked her vehicle in the municipal parking lot in the Town of Bainbridge, Chenango County. She further related that she removed the key from the ignition and placed it under a styrofoam coffee cup that was placed in a cup holder located in the front seat console. Feringa and his two companions disputed plaintiff's testimony, claiming that the vehicle's doors were unlocked and that the key was left in the ignition, thereby enabling Feringa to steal the vehicle. Supreme Court instructed the jury that Richards would have violated Vehicle and Traffic Law § 1210 (a) if she had left the key in the ignition but would not have violated the statute if she had hidden it from sight. The jury's conclusion that she did not leave the key in the igni-

tion resulted in the dismissal of the complaints against Richards and these appeals by plaintiffs and Feringa.*

Plaintiffs argue that Supreme Court's instructions were too limited in that it should have also directed the jury to determine whether, if Richards had removed the key from the ignition, she properly concealed it within her vehicle to prevent easy discovery. We disagree. It is now well established that to avoid liability under Vehicle and Traffic Law § 1210 (a), a motorist does not have to conceal the ignition key so that it is not readily discoverable but need only ensure that it is hidden from sight (see, Banellis v Yackel, 49 NY2d 882, 884; Manning v Brown, 232 AD2d 849, 850, lv granted 89 NY2d 816). Here, Richards' testimony that, after she placed the ignition key under the cup, it was hidden from view established her compliance with Vehicle and Traffic Law § 1210 (a) and vitiated plaintiffs' claims against her (see, Johnson v Manhattan & Bronx Surface Tr. Operating Auth., supra). Evidence in the record contradicting plaintiff's testimony is, for the purpose of these appeals, immaterial since such evidence merely created a credibility issue for the jury to resolve (see, Salvato v CRP Sanitation, 228 AD2d 774, 775; Rosabella v Fanelli, 225 AD2d 1007, 1009).

We likewise find plaintiffs' argument that Supreme Court erred in curtailing their cross-examination of Richards regarding her consumption of alcoholic beverages during the evening of September 11, 1993 meritless. The permissible scope of cross-examination is a matter that lies within the sound discretion of the trial court (see, Feldsberg v Nitschke, 49 NY2d 636, 643). As there is no indication that Richards was so intoxicated at the time she parked her vehicle that she was incapable of accurately recalling her actions, Supreme Court did not abuse its discretion in limiting plaintiffs' inquiry on this subject (3 Bender's New York Evidence § 8.11 [2]).

Casey, Peters, Spain and Carpinello, JJ., concur. Ordered that the judgment is affirmed, with costs.

---

* Instead of filing a brief, Feringa has adopted plaintiffs' arguments.