(August 25, 1997)

■ PENELOPE S. ANDALORO, Individually and as Executor of THOMAS ANDALORO, Deceased, Appellant, v TOWN OF RAMAPO, Respondent. [661 NYS2d 285] —In an action to recover damages, *inter alia*, for wrongful death, the plaintiff appeals from (1) an order of the Supreme Court, Rockland County (Miller, J.), dated October 23, 1995, which denied her motion pursuant to CPLR 4404 to set aside a jury verdict in favor of the defendant and against her, and (2) a judgment of the same court, dated January 26, 1996, which, upon the jury verdict, dismissed the complaint.

Ordered that the appeal from the order is dismissed, without costs or disbursements; and it is further,

Ordered that the judgment is affirmed, without costs or disbursements.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (CPLR 5501 [a] [1]).

On the afternoon of June 25, 1991, Thomas Andaloro was at the defendant Town of Ramapo's Saddle River Pool for an adult swim period. One of the lifeguards on duty observed him swimming towards her, noticing that he was lifting his head and taking a breath as he did so. However, when he reached the edge of the pool, he did not take his head out of the water, and did not have any other type of reaction upon reaching the pool's edge. The lifeguard immediately blew her whistle, entered the pool, pulled Andaloro out of the water, and placed him on the deck, where two other lifeguards began administering cardio-

pulmonary resuscitation (hereinafter CPR) until the police arrived and took over. The jury returned a verdict in favor of the defendant on the issue of negligence.

The plaintiff challenges, *inter alia*, the admission of the testimony of the defendant's expert on the ground that such testimony did not pertain to the subjects indicated in the defendant's expert witness disclosure statement. CPLR 3101 (d) provides in part that "[u]pon request, each party shall identify each person whom the party expects to call as an expert witness at trial and shall disclose in reasonable detail the subject matter on which each expert is expected to testify, the substance of the facts and opinions on which each expert is expected to testify * * * and a summary of the grounds for each expert's opinion" (CPLR 3101 [d] [1] [i]). In this case, we find that the expert's testimony, "while not following precisely the formulation of the [defendant's] response [to the plaintiff's demand for expert witness information], was not so inconsistent with the information and opinions contained therein, nor so misleading, as to warrant preclusion of the expert testimony or reversal" (*Hageman v Jacobson*, 202 AD2d 160, 161; *see, Weiss v Berardi*, 237 AD2d 596; *Beard v Brunswick Hosp. Ctr.*, 220 AD2d 550; *Citron v Northern Dutchess Hosp.*, 198 AD2d 618).

The plaintiff also challenges the admission into evidence of the opinion of the defendant's expert regarding the recovery rate of patients given CPR outside a hospital setting as compared to the recovery rate of those given CPR inside a hospital setting on the ground that the expert was permitted to rely on out-of-court statistical material. It is well settled that as a general rule, expert opinion evidence must be based on facts in the record or personally known to the witness (*see, Cassano v Hagstrom*, 5 NY2d 643, 646; *Lopato v Kinney Rent-A-Car*, 73 AD2d 565, 566). Since the testimony of the defendant's expert was inadequate to establish the reliability of the out-of-court statistical material, the court improperly permitted the defendant's expert to testify about patient recovery rates after CPR (*see, Hambsch v New York City Tr. Auth.*, 63 NY2d 723, 726; *Velez v Svehla*, 229 AD2d 528). However, reversal is not required since it is clear that, in view of the plaintiff's theory of liability and the evidence adduced at trial, any error in this regard was harmless (*see, Muller v Equitable Life Assur. Socy.*, 236 AD2d 526; *Mandel v Geloso*, 206 AD2d 699).

The plaintiff's remaining contentions are without merit. Miller, J. P., Ritter, Joy and Krausman, JJ., concur.