■ R. Peyton Gibson, Respondent, v St. Luke's Roosevelt Hospital Center, Appellant. [700 NYS2d 180] —Judgment, Supreme Court, New York County (Robert Lippmann, J.), entered January 8, 1999, on a verdict, after a jury trial, in plaintiff's favor in the sum of $440,000, unanimously reversed, on the law, without costs or disbursements, and the matter remanded for a new trial.

At trial in this medical malpractice action arising out of a 73-year-old patient's fall at defendant hospital, counsel for plaintiff, the guardian of the patient's property, was permitted, over defendant's objection, to read from defendant's orthopedic expert witness disclosure statement and to comment thereon in summation. A key issue at trial was the timing of the patient's injury, a displaced fracture of the left hip. She had admittedly fallen the night before her admission to the hospital, disoriented, unable to stand, and in a state of acute intoxication from tranquilizers and alcohol. Three days later, the patient was found on the floor of her hospital room complaining of left leg pain. The hospital incident report noted that her left foot was rotated inward. At trial, the hospital contended that the displacement fracture following the fall at the hospital was the result of an undetected stress fracture of the left hip, which the patient had sustained as a result of the fall at home the night before her admission. Although, pursuant to CPLR 3101 (d) (1), the hospital had served plaintiff with a disclosure statement with respect to an orthopedic expert witness prior to trial, which statement did not deal with the time when the patient first fractured her hip, the witness was never called. Instead, the hospital rested its argument on that issue principally on the testimony of plaintiff's own orthopedic expert witness, who admitted on cross-examination that there was no way to determine from the X-rays whether the patient's hip had initially been fractured, without displacement, when she fell at home, or at the hospital, when the hip became displaced. After the hospital rested, plaintiff sought, initially unsuccessfully, to reopen his case to place in evidence the fact that defendant had retained an orthopedic expert and that he did not testify. In the course of extensive discussion on this request and the alternative request for a missing witness charge with respect to defendant's expert, plaintiff proposed, as another alternative, that the expert witness disclosure state-

ment be admitted in evidence so that the jury could see that it did not raise any issue as to the timing of the patient's injury, and so that plaintiff's counsel could argue in summation that the hospital "could not establish [the] prior fracture", which was "a late devised defense." While the court denied the request for a missing witness charge, it admitted, over the hospital's objection, the expert witness disclosure statement, the contents of which plaintiff's counsel fully exploited in summation. At one point counsel stated, "I ask you to read this and show me where the [hospital] as of [the date of the disclosure statement] took the position that [the patient] fractured her hip on November 26 before she got to the hospital." Shortly thereafter, he added, "[This] was a concept made up for this case." The jury determined that there had been malpractice, both by a nurse in failing to take action when, some two hours before the fall, she found the patient wandering in the hallway in a disoriented state, and by the resident and intern in discontinuing a constant observation order.

The admission of the disclosure statement constitutes error and the prejudice therefrom was sufficiently substantial as to warrant a new trial. As we stated in *Hageman v Jacobson* (202 AD2d 160, 161), "Such statements are not sworn, as are interrogatory answers, affidavits, trial or pretrial testimony, nor are they in the nature of pleadings, to be used for any purpose against a party." The admission of the disclosure statement substantially prejudiced the hospital's right to have the jury consider its argument, based primarily on the testimony of plaintiff's own orthopedic expert, concerning the timing of the patient's injury. The summation remarks of plaintiff's counsel only served to exacerbate the prejudice. Finally, we note that the hospital's objection to the admission of the disclosure statement itself was sufficient to preserve its objection to the summation remarks. Concur—Sullivan, J. P., Tom, Rubin, Andrias and Buckley, JJ.