■ OLIVER CHEVROLET, INC., Appellant, v MOBIL OIL CORPORATION, Respondent. [711 NYS2d 225] —Peters, J. Appeal from an order of the Supreme Court (Connor, J.), entered February 5, 1999 in Columbia County, upon a decision of the court in favor of defendant.

Plaintiff sued to recover damages to its property and business caused by a contamination of groundwater allegedly caused by a leak of an underground gasoline tank on its premises which is owned by defendant. Additionally, plaintiff sought reimbursement of the amounts paid in connection with remediation ordered by the Department of Environmental Conservation (hereinafter DEC) as a result of such contamination. On a prior appeal, this Court, *inter alia*, affirmed the denial of plaintiff's motion to amend its complaint except insofar as it sought to add a cause of action for strict liability and agreed with the dismissal of all claims for property damage and injury to business (*see*, 249 AD2d 793, 796). Proceeding on the issue of strict liability and reimbursement for remediation, the eight-day nonjury trial, spanning December 1997 through May 1998, resulted in a determination that defendant was not a contributing cause to the contamination underlying plaintiff's claim. Plaintiff appeals.

Initially, we must review whether defendant properly complied with CPLR 3101 (d) (1) when it disclosed, 4½ months prior to trial, the subject matter and substance of the facts and opinions on which its environmental expert, Michael Wade, was to testify. Therein, it did not reveal the discovery, presented at trial, that the second type of gasoline found on the property was aviation fuel, thus supporting a theory of vandalism. Upon our review of the statutory prerequisites (*see*, CPLR

3101 [d] [1] [i]) compared with the description of the subject matter of Wade's expected testimony and the substance of the facts and opinions upon which it would be based, we can find no error.

The disclosure detailed that Wade was to testify as to the source, dating and chemical composition of the gasoline contamination found on plaintiff's property and that the samples revealed two distinct types of gasolines. While we agree that such response did not specifically mention aviation fuel in the water well, it did state that due to the presence of lead found in such well, the substance did not date from the 1970s or the 1980s. Instead, he opined that it appeared to be fresh, unweathered and indicative of deliberate contamination. Notably, just as it failed to identify the presence of aviation fuel, it also failed to mention the presence of methyl tertiary butyl ether (hereinafter MTBE)—the other contamination found on the property about which no challenge was made. Hence, finding that the reference to aviation fuel merely constituted an explanation to support the ultimate opinion that the gasoline in the well was distinct from other contamination found on the property, we cannot conclude that the trial testimony was " 'so inconsistent with the information and opinions contained * * * [in the expert witness response], nor so misleading, as to warrant preclusion of the expert testimony or reversal' " (*Andaloro v Town of Ramapo*, 242 AD2d 354, 355, *lv denied* 91 NY2d 808, quoting *Hageman v Jacobson*, 202 AD2d 160, 161; *cf., Chapman v State of New York*, 189 AD2d 1075).

It is settled that "[t]he permissible scope of cross-examination is a matter that lies within the sound discretion of the trial court" (*Poss v Feringa*, 241 AD2d 877, 878; *see, Feldsberg v Nitschke*, 49 NY2d 636, 643). Reviewing the 10 assertions of error asserted by plaintiff pertaining to the scope of cross-examination, we note that only five were objected to on this basis, one of which was sustained in plaintiff's favor. Of the remaining four, we either find no error or no abuse of discretion which would warrant our reversal (*see, Poss v Feringa*, *supra*).

Addressing plaintiff's remaining contention that the determination rendered was against the weight of the evidence, we reiterate that while we have a broad power of review in nonjury cases, " '[a] trial court's findings are not to be lightly set aside unless its conclusions could not have been reached based upon any fair interpretation of the evidence' " (*Silverman v Mergentime Corp./J.F. White, Inc.*, 252 AD2d 925, 926, quot-

ing *Osterhout v Mesivta Sanz*, 226 AD2d 893, 894). Upon a fair review of the extensive transcript, we reject plaintiff's contention that Supreme Court refused to find that both plaintiff and defendant had been identified by DEC as "responsible parties". DEC's investigator testified that defendant was named as a responsible party because of the investigator's belief that the chemical composition of the substance found indicated an origination from an old source. However, on cross-examination, such investigator admitted that he was not qualified to make the calculation necessary to reach that conclusion.

Similarly unavailing is plaintiff's assertion that Supreme Court erred when it rejected the testimony of its environmental expert and concluded, instead, that the well water contamination was caused by "vandalism". Again, the record wholly negates this contention. It indicates, instead, that the court rejected a finding of vandalism concluding, rather, that the well water contamination was inconsistent with a leak of an underground storage tank and thus was the fault of an unknown "source". Additionally, we find ample record evidence to support a determination that the substance found in the well was inconsistent with a gasoline leak from an underground storage tank, not only from the physical characteristics and chemical composition noted but also from its lack of recurrence.

Finally, we must reject plaintiff's challenge to the determination that the presence of MTBE in some of the gasoline contamination found on plaintiff's property supported the conclusion that it emanated from a source other than defendant's tank. Testimony of defendant's expert identified its chemical presence in the gasoline found. Additional evidence revealed that defendant's last sale of gasoline to plaintiff occurred in January 1984 and that defendant had not used such additive until late 1985. To the extent that the testimony of plaintiff's expert differed, the issue distills to one of credibility befalling to Supreme Court, to which we give due deference, in the absence of an abuse of discretion (*see, Krafchuk v State of New York*, 250 AD2d 962, 964).

Rejecting any remaining contention that Supreme Court failed to consider the impact of adjoining businesses, we note that the court properly exercised its discretion and power to resolve questions of credibility after hearing witness testimony.

Cardona, P. J., Mercure, Carpinello and Graffeo, JJ., concur. Ordered that the order is affirmed, with costs.