■ KEVIN VENESKI et al., Appellants, v QUEENS-LONG ISLAND MEDICAL GROUP, P. C., et al., Respondents. KEVIN VENESKI et al., Respondents, v QUEENS-LONG ISLAND MEDICAL GROUP, P. C., et al., Appellants. [727 NYS2d 105] —Judgment, Supreme Court, New York County (Robert Lippmann, J.), entered September 18, 2000, after a jury trial, in favor of plaintiff, unanimously reversed, on the law, without costs, the judgment vacated, and the matter remanded for a new trial. Appeal from order, same court and Justice, entered on or about August 31, 2000, insofar as it granted defendants' motion for a hearing to determine reductions from the verdict for collateral source payments, unanimously dismissed, as academic, without costs.

During the course of the trial, plaintiff's counsel obtained admission, over defendants' objection, of the expert disclosure notices concerning defendants' experts. This was error.

Defendants' CPLR 3101 (d) (1) expert disclosure notices, which were not drafted by defendants' experts but by defendants' attorneys, were not admissible as prior inconsistent statements of the experts (*Hageman v Jacobson*, 202 AD2d 160; *see also*, Prince, Richardson on Evidence § 6-411 [Farrell 11th ed]). Nor were they admissible as judicial admissions since "[s]uch statements are not sworn, as are interrogatory answers, affidavits, trial or pretrial testimony, nor are they in the nature of pleadings, to be used for any purpose against a party" (*Gibson v St. Luke's Roosevelt Hosp. Ctr.*, 267 AD2d 136, 137, quoting *Hageman v Jacobson, supra*, at 161). Since a central issue at trial was whether plaintiff had a stroke, and the prejudice from the erroneous admission of the notices was substantial, a new trial is required (*Gibson v St. Luke's Roosevelt Hosp. Ctr., supra*). We note that, while the issue is not presented, the remedy for a misleading CPLR 3101 (d) (1) notice is, among other possible remedies, a mistrial and the imposition of costs.

Since a new trial will be held we need not reach the issue raised by plaintiff concerning Supreme Court's ordering of a collateral source hearing. Were we to reach the issue, we would find that the court did not err in ordering the hearing. Concur— Williams, J. P., Wallach, Lerner, Rubin and Friedman, JJ.