■ DESIREE GAGLIARDOTTO et al., Appellants, v HUNTINGTON HOSPITAL et al., Defendants, and DONNA M. SCHNEIDER, Respondent. [808 NYS2d 430]—

In an action to recover damages for medical malpractice, the plaintiffs appeal from a judgment of the Supreme Court, Suffolk County (Werner, J.), entered May 27, 2004, which, upon a jury verdict, is in favor of the defendant Donna M. Schneider and against them, dismissing the complaint insofar as asserted against that defendant.

Ordered that the judgment is affirmed, with costs.

The plaintiffs contend that the trial court should have precluded the testimony of the respondent's expert because it varied from the expert witness statement served before trial. We disagree. CPLR 3101 (d) (1) (i) requires a party, upon request, to "identify each person whom the party expects to call as an expert witness at trial and . . . disclose in reasonable detail the subject matter on which each expert is expected to testify, the substance of the facts and opinions on which each expert is expected to testify . . . and a summary of the grounds for each expert's opinion." The expert witness statement served by the respondent did not specifically indicate that the expert would testify that an infant's rapid descent during the second stage of delivery could cause Erb's Palsy. However, the statement did disclose that the expert would testify that "maternal expulsive forces" could cause Erb's Palsy. The statement also indicated that the expert could be "expected to comment upon any and all testimony adduced at trial by [the] plaintiff," and two of the plaintiffs' witnesses offered opinions as to whether or not rapid descent could cause Erb's Palsy. Under these circum-

stances, the expert witness statement was not so inadequate or inconsistent with the expert's testimony as to have been misleading, or to have resulted in prejudice or surprise (see *Andaloro v Town of Ramapo*, 242 AD2d 354 [1997]; *Beard v Brunswick Hosp. Ctr.*, 220 AD2d 550 [1995]; *Hageman v Jacobson*, 202 AD2d 160 [1994]). Thus, the Supreme Court providently exercised its discretion in refusing to preclude the testimony of the respondent's expert (see *McGlauflin v Wadhwa*, 265 AD2d 534 [1999]).

The plaintiffs' remaining contention is without merit. Florio, J.P., Krausman, Lifson and Lunn, JJ., concur.