■ ERIN FINCH et al., Plaintiffs, and MAUDLYN CURRY, Appellant, v MICHAEL F. WHALEN, JR., Respondent. [813 NYS2d 166]—

In an action to recover damages for personal injuries, etc., the plaintiff Maudlyn Curry appeals from a judgment of the Supreme Court, Westchester County (Bellantoni, J.), entered August 11, 2004, which, after a jury trial solely on the issue of damages, is in favor of the defendant and against her dismissing the complaint.

Ordered that the judgment is affirmed, with costs.

On May 2, 2000, the appellant, age 72, was a passenger in a stopped vehicle which was struck in the rear by the defendant's vehicle. In the instant action, the appellant claimed that as a result of the accident she sustained serious injuries within the meaning of Insurance Law § 5102 (d). After trial, the jury returned a verdict finding that the accident was a proximate cause in "bringing about the injury" of the appellant, but that her injuries did not satisfy any of the definitions of serious injury set forth in Insurance Law § 5102 (d).

On appeal, the appellant contends that the jury's finding that the injury to her left shoulder did not satisfy the definitions of serious injury was contrary to the weight of the credible evidence. We disagree.

On the day of the accident, the appellant was taken by ambulance to the hospital and was released the same day. The ambulance report indicated that she was able to move all four extremities without pain and the hospital records stated that she "moved all extremities freely."

In September 2000 a magnetic resonance imaging test revealed a torn biceps tendon. At the trial, the appellant's surgeon

testified that if she had injured her biceps tendon in the accident, she would have experienced pain. Based upon the ambulance report and his examination of the appellant, the defendant's expert stated that it was "[h]ighly unlikely that an acute rupture of the biceps tendon had taken place" and her diagnosis of "supraspinatus tendonosis" related to a longstanding inflammation in the tendons. The defendant's expert further noted that the appellant suffered from a narrowing of the coracohumeral interval in the left shoulder which is a degenerative condition.

"[T]he standard for determining whether a jury verdict is against the weight of the evidence is whether the evidence so preponderated in favor of the movant that the verdict could not have been reached on any fair interpretation of the evidence" (*Harris v Marlow*, 18 AD3d 608, 610 [2005], quoting *Torres v Esaian*, 5 AD3d 670, 671 [2004]). In the instant case, the testimony of the defendant's expert and the absence of any evidence of shoulder pain or restriction on the day of the accident provided a basis for the jury's determination. It cannot be said that the jury's determination was contrary to any fair interpretation of the evidence. Goldstein, J.P., Luciano, Rivera and Fisher, JJ., concur.