MARYANNA SUHR, Appellant, v LONG BEACH MEDICAL CENTER et al., Respondents. [825 NYS2d 252]—

In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Nassau County (O'Connell, J.), dated July 7, 2005, which, upon a jury verdict, is in favor of the defendants and against her, dismissing the complaint.

Ordered that the judgment is affirmed, with costs.

In May 1999 the plaintiff underwent total knee replacement surgery on her right knee. On February 6, 2001, at the age of 78, the plaintiff underwent knee revision surgery to replace the loosened prosthesis in the same knee. Following her second surgery, the plaintiff began receiving physical and occupational therapy at the defendant Long Beach Medical Center (hereinafter LBMC). On February 20, 2001, the plaintiff was alone in a treatment room with the defendant Annmarie Mangiaracina, an occupational therapist, when she sustained several injuries to her right knee during a therapy session. The plaintiff then commenced this action against LBMC and Mangiaracina, alleging that the occupational therapist failed to properly supervise her during the session, causing her to fall to the ground and injure her right knee. After a trial, the jury found in favor of the defendants. We affirm.

Contrary to the plaintiff's contention, the verdict was not against the weight of the evidence. In determining whether a jury verdict is against the weight of the evidence, the relevant standard is whether the evidence so preponderated in favor of the losing party that the verdict could not have been reached on any fair interpretation of the evidence (see Finch v Whalen, 28 AD3d 420, 421 [2006]; Harris v Marlow, 18 AD3d 608, 610 [2005]). On this record, the jury could have reasonably concluded, as it did, that Mangiaracina was not negligent in her conduct of the occupational therapy session, and that the plaintiff's injuries were caused spontaneously when her right patellar tendon, which had been weakened by her two prior knee surgeries, tore away from its attachment to the bone. Therefore, there is no basis to set aside the verdict as against the weight of the evidence.

The plaintiff further contends that the trial court improvidently exercised its discretion in permitting one of the defendants' expert witnesses, Dr. Frank M. Hudak, to testify beyond the scope of his expert witness statement (see CPLR 3101 [d]). We disagree. Dr. Hudak's statement indicated, inter alia, that he would offer testimony regarding "the mechanics of plaintiff's claimed injury," "the probable cause(s) of plaintiff's claimed injuries and whether that said injury was caused by any alleged deviation of standard of care by defendants." Under the circumstances presented, "the expert witness statement was not so inadequate or inconsistent with the expert's testimony as to have been misleading, or to have resulted in prejudice or surprise" (Gagliardotto v Huntington Hosp., 25 AD3d 758, 759 [2006], lv denied 7 NY3d 710 [2006]; see McGlauflin v Wadhwa, 265 AD2d 534 [1999]).

The plaintiff's remaining contentions are without merit. Adams, J.P., Ritter, Fisher and Covello, JJ., concur.