■ MARIE CASIMIR et al., Appellants, v YEHUDA BAR-ZVI, Respondent, et al., Defendants. [828 NYS2d 175]—

In an action, inter alia, to recover damages for medical malpractice, etc., the plaintiffs appeal, as limited by their brief, from so much of a judgment of the Supreme Court, Queens County (Polizzi, J.), entered June 28, 2005, as, upon a jury verdict and the denial of their motion pursuant to CPLR 4404 to set aside the verdict as against the weight of the evidence, is in favor of the defendant Yehuda Bar-Zvi and against them dismissing the complaint insofar as asserted against that defendant.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

A jury verdict should not be set aside as against the weight of the evidence "unless the jury could not have reached the verdict on any fair interpretation of the evidence" (*Nicastro v Park*, 113 AD2d 129, 134 [1985] [internal quotation marks and citation omitted]). Here, the disputed testimony of the parties and their medical experts presented issues of credibility which were for the jury to resolve (*see Murray v Maniatis*, 21 AD3d 1012 [2005]; *Gerdik v Van Ess*, 5 AD3d 726 [2004]). The jury's deter-

mination that the defendant Yehuda Bar-Zvi (hereinafter the defendant) did not depart from good and accepted medical practice in the performance of a hysterectomy upon the plaintiff Marie Casimir was based upon a fair interpretation of the evidence presented at trial, and thus should not be disturbed (*see Murray v Maniatis, supra*; *Moccia v Chi*, 18 AD3d 631 [2005]; *Landau v Rappaport*, 306 AD2d 446 [2003]).

Furthermore, the trial court providently exercised its discretion in refusing to preclude the testimony of the defendant's expert witness with respect to the use of various dissection techniques. The defendant's expert witness statement which indicated, inter alia, that the expert would testify based on facts and circumstances other witnesses presented at trial, "was not so inadequate or inconsistent with the expert's testimony as to have been misleading, or to have resulted in prejudice or surprise" (*Gagliardotto v Huntington Hosp.*, 25 AD3d 758, 759 [2006], *lv denied* 7 NY3d 710 [2006]; *see Andaloro v Town of Ramapo*, 242 AD2d 354, 355 [1997]; *Beard v Brunswick Hosp. Ctr.*, 220 AD2d 550, 551-552 [1995]). Crane, J.P., Spolzino, Krausman and Goldstein, JJ., concur.