■ ELLEN F. GOLDBERG, Appellant, v SOTTILE & MEGNA, M.D., P.C., et al., Respondents. [863 NYS2d 70]—In an action, inter alia, to recover damages for medical malpractice, etc., the plaintiff appeals from a judgment of the Supreme Court, Richmond County (Giacobbe, J.), entered December 27, 2006, which, upon a jury verdict, and upon the denial of her motion pursuant to CPLR 4404 (a), inter alia, to set aside the jury verdict as against the weight of the evidence and for a new trial, is in favor of the defendants and against her, dismissing the complaint.

Ordered that the judgment is affirmed, with costs.

The plaintiff failed to preserve for appellate review her contentions that the defense counsel's cross-examination of her expert witnesses, as well as certain comments made by defense

counsel in his summation, diverted the jurors' attention from the issues to be determined and deprived her of a fair trial (*see Pello v Syed*, 41 AD3d 568 [2007]; *Vingo v Rosner*, 29 AD3d 896 [2006]; *Bacigalupo v Healthshield, Inc.*, 231 AD2d 538 [1996]; *Torrado v Lutheran Med. Ctr.*, 198 AD2d 346 [1993]; *Kamen v City of New York*, 169 AD2d 705 [1991]).

Furthermore, the verdict was not against the weight of the evidence. "A jury verdict should not be set aside as against the weight of the evidence 'unless the jury could not have reached the verdict on any fair interpretation of the evidence' " (*Casimir v Bar-Zvi*, 36 AD3d 578, 578 [2007], quoting *Nicastro v Park*, 113 AD2d 129, 134 [1985]). "The jury's resolution of conflicting expert testimony is entitled to great weight, as it is the jury that had the opportunity to observe and hear the experts" (*Speciale v Achari*, 29 AD3d 674, 675 [2006]). Here, the jury's determination that the defendants did not depart from good and accepted medical practice in failing to timely diagnose the plaintiff's decedent with a dissecting thoracic aorta was based upon a fair interpretation of the evidence presented at trial, and thus should not be disturbed (*see Casimir v Bar-Zvi*, 36 AD3d at 578-579; *Nicastro v Park*, 113 AD2d 129 [1985]). Rivera, J.P., Fisher, Lifson and Dillon, JJ., concur.