Muroff v Heerdt (2025 NY Slip Op 06028)

Muroff v Heerdt

2025 NY Slip Op 06028

Decided on October 30, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 30, 2025

Before: Webber, J.P., Kennedy, Pitt-Burke, O'Neill Levy, JJ. 

Index No. 805358/17|Appeal No. 5106|Case No. 2024-00146|

[*1]Leah Muroff, as Executrix of the Last Will and Testament of Yehudit Kugelsky, Plaintiff-Appellant,
v
Alexandra Heerdt, M.D., et al., Defendants-Respondents,

Zucker & Regev, P.C., Brooklyn (Gary A. Zucker of counsel), for appellant.
Kaufman, Borgeest & Ryan LLP, Valhalla (Jacqueline Mandell of counsel), for respondents.

Order, Supreme Court, New York County (Lucy Billings, J.), entered on or about October 11, 2023, which, following a jury verdict in favor of defendants, denied plaintiff's motion to set aside the verdict, unanimously affirmed, without costs.
The evidence did not "so preponderate" in favor of plaintiff that the jury's verdict must be set aside as against the weight of the evidence (see CPLR 4404(a); Lolik v Big V Supermarkets, 86 NY2d 744, 746 [1995]; McDermott v Coffee Beanery, Ltd., 9 AD3d 195, 206 [1st Dept 2004]). There was ample evidence to support the jury's finding that defendants neither deviated from good and accepted medical care by delaying scheduling plaintiff's decedent's surgery or in failing to remove a nodule with cancer during the October 19, 2015 surgery. A pre-surgery MRI supported defendants' contention that decedent's breast lesion had been removed by an earlier needle biopsy. Further, the pathology report from the subsequent skin lesion removal showed that it had clean dermal margins and that there was no breast tissue in the sample, supporting defendants' contention that it was metastatic in nature, arising from a lymphatic process and not from an allegedly unremoved breast lesion. That same evidence supports the jury's finding that defendants did not depart from accepted standards of medical practice by not diagnosing and treating a nodule with cancer following the October 2015 surgery.
The trial court correctly granted defendants' objections to plaintiff's attempts to cross-examine their expert witnesses with defendants' CPLR 3101(d) disclosures (see Veneski v Queens-Long Island Med. Grp., 285 AD2d 369, 370 [1st Dept 2001]; Gibson v St. Luke's Roosevelt Hosp. Ctr., 267 AD2d 136, 137 [1st Dept 1999]; Hageman v Jacobson, 202 AD2d 160, 161 [1st Dept 1994]). The court also correctly denied plaintiff's motion to strike defendants' expert oncologist's testimony, because the limited testimony at issue did not surprise or prejudice plaintiff, and because it was essentially cumulative of the testimony of other defense witnesses and proffered evidence.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 30, 2025