■ JOHN M. STANLEY, an Infant, by JOHN STANLEY, JR., His Father, et al., Respondents, v. FORD MOTOR COMPANY, Appellant. (Action No. 1.) PETER J. BENEDICT, an Infant, by MERLEN BENEDICT, His Father and Natural Guardian, et al., Respondents-Appellants, v. TI MOTORS, INC., et al., Defendants, and FORD MOTOR COMPANY, Appellant-Respondent. (Action No. 2.) JOSEPH BURNS, Respondent, v. FORD MOTOR COMPANY, Appellant. (Action No. 3.) JOSEPH BURNS, Appellant, v. TI MOTORS, INC., et al., Defendants and Third-Party Plaintiffs-Respondents; FORD MOTOR COMPANY, Third-Party Defendant. (Action No. 4.) — Appeals from judgments of the Supreme Court, Saratoga County, entered June 1, 1973 and July 27, 1973, upon a verdict rendered in favor of the respondents Stanley, Benedict and Burns against the appellant Ford Motor Company and from an order of said court granting a motion to have the damages to which said respondents are entitled assessed by a jury. Although respondents Benedict and Burns filed notices of appeal

from so much of the judgments in Action Nos. 2 and 4 as dismissed their respective causes of action against Ti Motors, Inc., they have apparently abandoned these appeals. The jury has found liability against the appellant Ford Motor Company following a trial stemming from an accident on January 15, 1970, in which a truck manufactured by said appellant and operated by John Mark Stanley failed to negotiate a curve as it proceeded south on Route 9N near Glens Falls, New York and struck a truck proceeding north operated by respondent Burns. The basis of liability against the appellant is that the accident was caused by a gear tooth breaking on the ball nut locking the steering mechanism on the truck driven by Stanley. The record contains both testimony that the ball nut was defective and caused the accident and countervailing testimony offered by the appellant that the fracture occurred on impact. The resolution of the conflicting testimony as to causation and the responsibility therefore was for the jury, and we see no basis to disturb its factual finding and assessment of credibility. We cannot agree that the testimony of respondents' expert witnesses was so contradictory and speculative that it lacked probative value as a matter of law. The testimony of the passenger Benedict that the operator, John Mark Stanley, mentioned having problems with the steering as they began their drive was clearly limited by the trial court's instructions to the issue of the operator's liability and, as so limited, did not improperly prejudice the appellant since it had an opportunity to examine the operator when he appeared as a witness (see, *People* v. *Anthony,* 24 N Y 2d 696). Similarly, the other allegations are without merit. Judgments and order affirmed, with costs against the appellant Ford Motor Company to the respondents filing briefs. Staley, Jr., J. P., Greenblott, Sweeney, Main and Reynolds, JJ., concur.