■ VIVIEN M. SCHWALL, Individually and as Mother and Natural Guardian of MARK SHIVERS, an Infant, Respondent, v. FRANCIS J. AMBROSIO et al., Appellants.— In an action to recover damages for personal injuries, defendants appeal, as limited by their briefs, from so much of an order of the Supreme Court, Nassau County, dated December 7, 1973, as granted the branches of a motion by plaintiffs which were for leave to serve an amended bill of particulars and to increase their *ad damnum* from $515,000 to $2,000,000. Order modified by (1) adding to the provisions therein granting plaintiffs leave to serve a further amended bill of particulars the following: "except that the claim for loss of future earning capacity of the infant plaintiff is stricken from said further amended bill of particulars"; and (2) striking therefrom the provision increasing the *ad damnum* and substituting therefor a provision denying the branch of the motion which sought such relief. As so modified, order affirmed insofar as appealed from, without costs. The infant plaintiff was allegedly injured in an accident which occurred on September 18, 1963. At the time he was approximately 12 years of age. Subsequent to the commencement of this action two bills of particulars were served upon defendants, one verified on or about July 9, 1968 and the other on October 9, 1968. Both included a statement that no claim was being made for loss of earnings. Subsequent to the filing of a statement of readiness on or about November 1, 1972 and the setting of a date for trial, plaintiffs brought on the motion under review, by way of an order to show cause, dated November 23, 1973, for, *inter alia,* leave to serve an amended complaint and to increase the *ad damnum* of their complaint from $515,000 to $2,000,000. Included in the proposed amended bill of particulars was a claim for loss of future earning capacity predicated upon the assertion of counsel and the infant plaintiff's stepfather that the infant plaintiff would have grown up to enter a particular union's apprentice school, successfully completed a four-year training course therein and pursued the field of his stepfather, in which he would earn a minimum of $10 an hour as an "operating engineer". In an affidavit in support of plaintiffs' motion it was indicated that in order to qualify for such a position the infant plaintiff would have had to first qualify for a New York State driver's license for *heavy-duty equipment.* Although the infant plaintiff did submit his own affidavit to Special Term in support of a portion of the motion, he did not make any statement therein regarding his claim for loss of future earning capacity. There is nothing in the record on appeal which establishes or even

intimates that the infant plaintiff had any training in the field or any inclination or talent to follow such a career. We think that, in view of the child's age at the time he was injured and the failure of plaintiffs to submit even a scintilla of proof to establish that the infant plaintiff might have pursued the career in question or might have had some probability in qualifying for such a career, the claim is much too speculative to permit it to be raised at this time. The two cases cited by Special Term in support of its decision we think are inapposite. One involved a situation where the injured party had shown a promising aptitude for the field she claimed to have been precluded from entering by her injury (*Grayson* v. *Irvmar Realty Corp.*, 7 A D 2d 436) and the other involved an injured plaintiff who had actually qualified for a position in all ways, but was turned away from employment because of the injury she had sustained at the hand of the defendant (*Metz* v. *Great Atlantic & Pacific Tea Co.*, 30 Misc 2d 258). In addition to the foregoing, we note that the claim for loss of future earning capacity was raised for the first time after the service of the complaint, two bills of particulars and the filing of plaintiffs' statement of readiness. Since it cannot be claimed, and was not claimed, that the facts asserted in support of the claim were either unusual or unanticipated conditions which arose subsequent to the filing of the statement of readiness, plaintiffs are precluded by rule 675.7 of this court (22 NYCRR 675.7) from seeking to have this claim made a part of their bill of particulars at this late date. For the foregoing reasons, the claim for loss of future earning capacity should be stricken from the proposed amended bill of particulars. Our examination of the present amended bill of particulars, as modified by our decision herein, reveals that the original amount stated in the *ad damnum* is sufficient to cover plaintiffs' alleged damages. Accordingly, that part of plaintiffs' motion which sought an increase therein should have been denied. Hopkins, Acting P. J., Latham, Cohalan, Christ and Brennan, JJ., concur.