■ JOHN M. STANLEY, an Infant, by JOHN STANLEY, JR., His Father, et al., Respondents, v FORD MOTOR COMPANY, Appellant.—Appeal from a judgment of the Supreme Court, entered November 25, 1974 in Saratoga County, upon a verdict rendered at a Trial Term in favor of plaintiffs in the amount of $327,000 ($315,000 to the infant plaintiff and $12,000 to his father). This court has heretofore affirmed a verdict in favor of the plaintiffs against the defendant in the liability portion of this bifurcated trial *(Stanley v Ford Motor Co.,* 44 AD2d 879). At the subsequent trial on the issue of damages a verdict in favor of the plaintiffs was returned giving rise to this appeal. Defendant urges that the testimony of certain of plaintiffs' wit-

nesses, admitted over objection, was so prejudicial as to require a new trial. The medical witness, who had been the infant plaintiff's family and school physician, and who had examined the plaintiff after reviewing his hospital records, testified that the infant plaintiff had received permanent brain damage and that his physical and mental co-ordination were so impaired that the infant plaintiff could never hold a meaningful job. Such medical testimony is admissible and the weight and consideration it is to be accorded is for the jury, as the trial court properly charged. The testimony by two of the infant plaintiff's teachers as to their observations of his physical characteristics subsequent to the accident and as to his ability to cope with the subjects taught by those teachers was also admissible and provides no ground for reversal. Even a lay witness may testify as to a person's general strength, vigor, feebleness and illness and his comparative condition from day to day (Richardson, Evidence [10 ed], § 364). The plaintiffs and defendant produced economic experts, each of whom considered in some respect the effect of the inflation. Neither the over-all testimony of the economic experts nor the trial court's charge in relation to their testimony forms a basis for reversal and on this record the verdict cannot be considered excessive. The plaintiff sustained permanent damage to an area of the brain which causes seizure activity, interference with memory and very typically results in emotional disorders such as depression and anxiety. There was medical testimony that plaintiff's educational ability was severally limited and that his future employment would be confined to menial tasks. The jury verdict as to the present value of the future earnings of the plaintiff fell well within the range of the values elicited from the respective economic experts of the plaintiffs and defendant. We have examined the other contentions on this appeal, including the colloquy between the trial court and the attorney for the defendant during the course of the testimony of defendant's economic expert, and find therein no reason to disturb this verdict. Judgment affirmed, with costs. Greenblott, J. P., Sweeney, Koreman, Larkin and Reynolds, JJ., concur.