■ CATHERINE SENTOWSKI, Appellant, v BOULEVARD HOSPITAL, Defendant, and CHARLES A. LO PRESTI, Respondent. — In a medical malpractice action, plaintiff appeals from an order of the Supreme Court, Kings County (Hirsch, J.), dated August 30, 1983, which granted the motion of defendant Lo Presti to strike paragraph 7 (e) of plaintiff's bill of particulars, alleging a loss of future earnings capacity by the infant plaintiff, who was incapacitated at birth.

Order reversed, with costs, and motion denied.

This action is predicated upon the claim that the medical malpractice of the defendant Lo Presti and/or the defendant hospital rendered the infant plaintiff totally incapacitated at birth. In response to Lo Presti's demand, plaintiff served a bill of particulars which claimed, *inter alia,* an impairment of future earnings and earnings capacity in the amount of 3 to 4 million dollars. On Lo Presti's motion, Special Term struck this claim from plaintiff's bill, holding that the claim was too speculative and incapable of proof.

A motion directed at a plaintiff's bill of particulars is an improper vehicle for the examination of the merits and evidentiary support of the claims made in the bill. The sole purpose of a bill of particulars is to amplify the pleadings, limit the proof, and prevent surprise at trial (*Cirelli v Victory Mem. Hosp.,* 45 AD2d 856; *State of New York v Horsemen's Benevolent & Protective Assn.,* 34 AD2d 769). Our decision in *Schwall v Ambrosio* (45 AD2d 732), upon which Special Term's decision was based,

dealt with a distinguishable situation wherein we considered a motion for leave to amend a bill of particulars on the eve of trial and after the filing of a statement of readiness for trial which foreclosed discovery (22 NYCRR 675.7). In that circumstance, it was incumbent upon the plaintiff to show that his late claim had merit. The court in *Schwall* concluded that the late motion for leave to amend should be denied. In the context of this case, however, we are not concerned with the late addition of an additional claim of damages. The courts in this State and elsewhere have upheld general claims similar to that of the instant plaintiff on the basis of incapacity and the testimony of economic experts (*see, e.g., Beardsley v Wyoming County Community Hosp.*, 79 AD2d 1110; *Stanley v Ford Motor Co.*, 49 AD2d 979, *lv denied* 38 NY2d 707; *Tinnerholm v Parke, Davis & Co.*, 411 F2d 48; *see, also,* Ann., 18 ALR3d 88, 149-154). Titone, J. P., Lazer, Mangano and Niehoff, JJ., concur.