■ RICHARD BARRETTE et al., Appellants, v GOOD SAMARITAN HOSPITAL et al., Respondents.—In an action to recover damages for medical malpractice, plaintiffs appeal from so much of an order of the Supreme Court, Suffolk County (Doyle, J.), dated June 15, 1984, as granted that branch of defendants' omnibus motion as sought to strike that portion of item No. 4 of plaintiffs' amended bill of particulars which alleged future lost earnings for the infant plaintiff in the approximate amount of $5,000,000.

Order reversed insofar as appealed from, without costs or disbursements, and that branch of defendants' omnibus motion as sought to strike the portion of item No. 4 of plaintiffs' bill of particulars which alleged future lost earnings for the infant plaintiff denied.

The instant malpractice action was commenced in 1979 to recover damages for permanent cerebral injuries suffered by the infant plaintiff in 1975. An initial bill of particulars served by plaintiffs in 1980 made no claim for the infant plaintiff's loss of future earnings.

In March 1984, plaintiffs served an amended bill of particulars together with the note of issue and statement of readiness. The amended bill of particulars, in item No. 4 thereof, contained an allegation concerning the infant plaintiff's loss of future earnings, to wit:

"4. Over a course for lifetime it is expected that the infant plaintiff lose approximately $5,000,000.00 in lost earnings."

Thereafter, defendants moved to strike this claim of future loss of earnings for the infant plaintiff on the ground that it was too speculative to permit inclusion in the bill of particulars.

In granting defendants' motion to strike this allegation of the infant plaintiff's loss of future earnings, Special Term relied on the decision of this court in *Schwall v Ambrosio* (45 AD2d 732). Although Special Term impliedly accepted that *Schwall v Ambrosio (supra)*, was distinguishable from the case at bar in that it involved a motion to amend a bill of particulars which motion was made on the eve of trial, it nevertheless granted defendants' motion to strike this item from the bill on the alternate ground that the claim was too speculative. We disagree.

On March 25, 1985, subsequent to the date of the order of Special Term, this court held in *Sentowski v Boulevard Hosp.* (109 AD2d 878) that an allegation in a bill of particulars alleging a loss of future earnings capacity for an infant incapacitated at birth was not too speculative and that "general claims similar to that of the instant plaintiff on the basis of incapacity and the testimony of economic experts" had been upheld by the courts "in this State and elsewhere" *(Sentowski v Boulevard Hosp., supra,* p 879). Indeed, the order of Special Term in *Sentowski v Boulevard Hosp. (supra),* which was reversed by this court, had also relied on *Schwall v Ambrosio (supra).* This court in *Sentowski v Boulevard Hosp. (supra,* p 879), held that *Schwall v Ambrosio (supra)* "dealt with a distinguishable situation wherein we considered a motion for leave to amend a bill of particulars on the eve of trial and [more than one year] after the filing of a statement of readiness for trial which foreclosed discovery". This distinction is equally applicable here. Accordingly, the allegation in the amended bill of particulars covering the infant plaintiff's future loss of earnings should not have been stricken. Mangano, J. P., Rubin, Eiber and Kooper, JJ., concur.