■ MATTHEW SPATZ, Appellant, v RIVERDALE GREENTREE RESTAURANT, INC., et al., Respondents. [682 NYS2d 370] —Judgment, Supreme Court, Bronx County (Lottie Wilkins, J.), entered September 8, 1997, which, upon a jury verdict, awarded plaintiff the principal sum of $5,500 against defendant Riverdale Greentree Restaurant, Inc., and the principal sum of $24,750 against defendant Joseph Stanton, unanimously reversed, on the law and the facts, and the matter remanded for a new trial on all issues.

Plaintiff sought compensatory and exemplary damages under the "Dram Shop" laws (General Obligations Law § 11-101; Alcoholic Beverage Control Law § 65) for serious head and facial injuries sustained when defendant Joseph Stanton, an allegedly intoxicated patron at the bar of defendant Riverdale Greentree Restaurant, assaulted him; plaintiff also raised common law claims that Greentree and its bartender acted negligently and with reckless disregard in failing to protect plaintiff from the attack. Stanton was arrested immediately after the incident and pleaded guilty to a misdemeanor charge of assault.

At trial, there was conflicting testimony as to what occurred between plaintiff and Stanton prior to the assault, how the assault began, where the bartender was when the fight took place and whether Stanton was visibly intoxicated. The jury returned three verdicts: the first two were internally inconsistent, and, rather than discharge the jury as plaintiff requested, the court chose to reinstruct the jury. The court finally accepted the third verdict, which found no Dram Shop liability, but found that the bar defendants had been negligent in failing to protect the plaintiff and that their negligence had been a proximate cause of the incident. The jury attributed 45% liability to Stanton, 10% to the bar defendants, and 45% to plaintiff. It awarded plaintiff $45,000 in past pain and suffering and $10,000 in future pain and suffering.

We find that several trial errors require reversal and a new trial on all issues. On the record before us, it was an abuse of discretion for the trial court to preclude plaintiff from conducting re-cross-examination of a witness for the restaurant, whose

testimony was taken out of turn, before plaintiff had rested. After the witness's direct examination and plaintiff's cross-examination, counsel for the restaurant waived any redirect. At that point, Stanton's counsel conducted his cross-examination, at the conclusion of which the witness, a patron at the bar who knew the owner and the bartender, was asked for the first time whether Stanton appeared to be drunk at the time of the assault; over plaintiff's objection, he answered that Stanton did not appear to be drunk. Plaintiff's counsel asked to conduct re-cross-examination, seeking specifically to impeach the witness with his deposition testimony that he did not know if Stanton was drunk. The court denied the request, apparently on the ground that, in the absence of redirect, there simply could be no re-cross-examination. We find to the contrary that plaintiff's counsel should have been permitted to inquire into a matter raised for the first time in the cross-examination conducted by Stanton's counsel, particularly when the question related to a critical issue in controversy and the witness had previously given sworn testimony to the contrary. Given that the restaurant's Dram Shop liability rested on whether Stanton was intoxicated and that the witness, although he knew the owner and bartender, might be considered a disinterested witness by the jury, the court's failure to permit re-cross-examination cannot be said to be harmless error (*see, e.g., Fanelli v diLorenzo*, 187 AD2d 1004, 1005).

In addition, we find that the court should have given the charge relating to plaintiff's "reckless disregard" theory of liability, to which the parties had consented, and that this error, too, cannot be deemed harmless, because a jury verdict for plaintiff on this theory would have held the bar defendants fully liable for any judgment (*see*, CPLR 1602 [7]). Finally, we note that the damages awarded deviate materially from what is reasonable compensation under the circumstances and may be attributable to jury confusion that produced a compromise verdict. Concur—Milonas, J. P., Nardelli, Williams, Tom and Andrias, JJ.