◼ KELLY DOBSKI, an Infant, by MICHELE DOBSKI, Her Parent, Respondent, v CITY OF SCHENECTADY, Defendant, and SCHENECTADY SCHOOL DISTRICT, Appellant. [706 NYS2d 777] —Cardona, P. J. Appeals (1) from an order of the Supreme Court (Lomanto, J.), entered March 26, 1999 in Schenectady County, which, *inter alia*, granted plaintiff's motion to set aside that portion of the verdict finding plaintiff to be 40% contributorily or comparatively negligent, and (2) from the judgment entered thereon.

On October 15, 1994, plaintiff, a 16-year-old high school student, was injured while marching as a drum majorette with the Schenectady High School Marching Band on Brandywine Avenue in the City of Schenectady, Schenectady County. While marching backwards leading the band, plaintiff stepped into a pothole and fell to the ground injuring her left wrist. Thereafter, plaintiff commenced this personal injury action against defendant City of Schenectady and defendant Schenectady City School District (hereinafter defendant). Defendant served an answer to the complaint alleging as an affirmative defense, *inter alia*, that plaintiff assumed the risk of the injury. The City entered into a settlement with plaintiff and did not proceed to trial.

Following the trial, the jury found that defendant's negligence was a proximate cause of plaintiff's injury awarding damages totaling $800,733, consisting of $8,400 for past pain and suffering, $504,000 for future pain and suffering and $288,333

for lost wages. The jury, finding that plaintiff assumed the risk, apportioned liability 40% to plaintiff and 60% to defendant.

Thereafter, plaintiff made a motion pursuant to CPLR 4404 (a) to set aside the verdict insofar as the jury found that plaintiff had assumed the risk of her injuries and Supreme Court granted the motion, finding that the doctrine of inherent compulsion negated the applicability of the assumption of risk doctrine. An order and judgment were entered resulting in these appeals by defendant.

Initially, we address defendant's contention that Supreme Court committed reversible error in precluding the jury from viewing that portion of the videotaped testimony of Suheil Khuri, plaintiff's orthopedic surgeon, consisting of cross-examination by the City's attorney. Supreme Court ruled that the jury could not view such cross-examination testimony because the City had settled with plaintiff prior to trial and was no longer a party to the action. While we recognize that the scope of cross-examination is a matter vested within the sound discretion of the trial court (*see, Poss v Feringa*, 241 AD2d 877, 878; *Nicolla v Fasulo*, 161 AD2d 966, 968), we conclude that Supreme Court erred in excluding the subject testimony under the particular circumstances presented herein.

Khuri was the *only* medical expert to testify regarding the scope and extent of the injuries sustained by plaintiff and their impact upon her activities. Certainly his testimony affected the jury's award of damages. The transcript of the testimony reveals that the City's attorney initiated the questioning of Khuri and conducted the primary cross-examination with defendant's attorney asking some follow-up questions. The fact that the City's attorney asked the majority of questions was a function of the order in which the attorneys questioned Khuri and, therefore, a purely fortuitous circumstance. Supreme Court's exclusion of the majority of the cross-examination testimony inhibited the ability of defendant's attorney to limit the effect of Khuri's direct testimony. Under the circumstances herein, the City's pretrial settlement with plaintiff did not provide an adequate ground for excluding the testimony. Since our review of this videotaped testimony indicates that defendant was prejudiced by this ruling, we must remit the matter for a new trial (*see, e.g., Spatz v Riverdale Greentree Rest.*, 256 AD2d 207).

In light of the above, it is appropriate that we address two additional issues. The first issue concerns the applicability of

the doctrine of inherent compulsion to negate the doctrine of assumption of risk. Upon retrial of the matter, after hearing all the proof, Supreme Court should make a threshold legal determination regarding the relevance of the doctrines to the facts adduced. After doing so, it may appropriately charge the jury and, if charged, the jury may consider the doctrines in their deliberations.

The second issue is whether plaintiff should have been precluded from introducing future lost earnings testimony relating to her inability to enter the profession of nursing because it was purely speculative. Notwithstanding the fact that plaintiff was only 16 years old at the time of the accident, the courts have recognized that an infant plaintiff may recover for such lost earnings even if the computation is somewhat speculative and difficult to ascertain (see, Altman v Alpha Obstetrics & Gynecology, 255 AD2d 276, 278, lv denied 93 NY2d 801). Here, there was ample evidence that plaintiff seriously desired to pursue a career in nursing but was physically unable to do so because of the injuries sustained in the accident. In addition, plaintiff presented the testimony of an expert who gave an opinion concerning the reduction in plaintiff's work life expectancy as well as the reduction in future earnings due to her inability to pursue a career as a nurse. Given such proof, we would not find plaintiff's future lost earnings too speculative to submit to the jury (cf., Schwall v Ambrosio, 45 AD2d 732). We have considered defendant's remaining claims and find them either without merit or unnecessary to address in view of our disposition.

Crew III, Carpinello, Graffeo and Mugglin, JJ., concur. Ordered that the order and judgment are reversed, on the law, with costs to abide the event, and matter remitted to the Supreme Court for a new trial.