■ EMANUEL PLACAKIS et al., Appellants, v CITY OF NEW YORK et al., Respondents. [736 NYS2d 379] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal (1), as limited by their brief, from so much of an order of the Supreme Court, Kings County (Steinhardt, J.), dated September 9, 1997, as, upon granting the motion of the defendant City of New York to dismiss so much of the complaint as was asserted against it, denied their cross motion to set aside the jury verdict on the issue of liability finding the plaintiff Emanuel Placakis to be 15% at fault in the happening of the accident, and set the matter down for a "retrial of the issue of allocation of fault and, upon said determination, as to the issue of damages," (2) from an order of the same court (Schneier, J.), dated December 22, 1997, which, after a second trial, denied their motion to set aside the second jury verdict, and (3), on the ground of inadequacy, from a judgment of the same court (Schneier, J.), dated April 25, 2000, which, upon a second jury verdict finding the plaintiff Emanuel Placakis to be 70% at fault in the happening of the accident, is in their favor and against the defendant New York City Transit Authority in the principal sum of only $18,600.

Ordered that the appeals from the orders are dismissed; and it is further,

Ordered that the judgment is reversed, on the law and the facts, the motion to set aside the second jury verdict is granted, the order dated December 22, 1997, is vacated, the order dated September 9, 1997, is modified accordingly, and the matter is remitted to the Supreme Court, Kings County, for a new trial on the issue of the apportionment of fault between the parties and thereafter, a new trial on damages, if necessary; and it is further,

Ordered that the plaintiffs are awarded one bill of costs payable by the defendant New York City Transit Authority.

The appeals from the intermediate orders must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment in the action (*Matter of Aho,* 39 NY2d 241). The issues raised on the appeals from the orders are brought up for review and have been considered on the appeal from the judgment (*see,* CPLR 5501 [a] [1]).

The plaintiffs commenced this action against the City of New

York and the New York City Transit Authority (hereinafter the NYCTA) after the plaintiff Emanuel Placakis (hereinafter the injured plaintiff) injured his ankle when he slipped on a patch of ice and fell as he was alighting from a NYCTA bus. The ice had allegedly formed as a result of a slow leak from a defective fire hydrant which was located approximately three feet from the bus stop where the plaintiff fell. After trial, the jury found the City to be 50% at fault, the NYCTA 35% at fault, and the injured plaintiff 15% at fault. However, the court granted the City's posttrial motion and dismissed the action against it on the ground that the plaintiffs failed to establish that the City had prior notice of the defective fire hydrant.

Thereafter, the court incongruously ruled that "while retaining the jury's finding of liability * * * [there must be] a new trial, as to the allocation of fault between plaintiff and [the NYCTA]; and, after said determination, as to the issue of damages." After a second trial, the jury found the injured plaintiff 70% at fault and the NYCTA 30% at fault, and awarded damages. The court denied the plaintiffs' motion to set aside this verdict, and judgment was entered accordingly.

Contrary to plaintiffs' contention, they were not entitled to a judgment allocating to the NYCTA all of the fault which the first jury attributed to the City. Instead, the court properly decided to retain the finding of liability against both the injured plaintiff and the NYCTA, and to remand the matter for a new trial on the issue of the allocation of fault between these two remaining parties. However, we agree with the plaintiffs that the trial court erred in its instruction to the second jury. Although the court stated that the first jury's finding of liability would be retained, it nevertheless charged the second jury with broad general statements of law rather than with instructions "precise and specifically related" to the issue of apportionment of fault (*Green v Downs,* 27 NY2d 205; 208; *see also, Bender v Nassau Hosp.,* 99 AD2d 744; *Quigley v County of Suffolk,* 75 AD2d 888). This error warrants a new trial on the issue of apportionment of fault.

There must also be, if necessary, a new trial with respect to damages. We note that it was improper to deny the plaintiffs' request for a missing witness charge with regard to the failure of the NYCTA to call the physician who examined the injured plaintiff on its behalf. A party is entitled to a missing witness charge "only where an uncalled witness bearing information on a material issue would be expected to provide noncumulative testimony favorable to the opposing party and is under the control of and available to that party" (*Smith v Lebanon Val.*

*Auto Racing,* 194 AD2d 946, 949; *see, Godfrey v Dunn,* 190 AD2d 896). At bar, the physician examined the injured plaintiff on behalf of the NYCTA and prepared a report relative to his examination. The trial record, as opposed to the posttrial submissions, does not reveal why the NYCTA failed to produce him. Under ·the circumstances, therefore, the missing witness charge should have been given (*see, Mashley v Kerr,* 47 NY2d 892, 893; *Wilson v Bodian,* 130 AD2d 221).

The issue of the injured plaintiff's future lost earnings should also have been submitted to the jury. The only medical testimony at the trial was that of the plaintiffs' expert, Dr. Salvatore Sclafani, who testified that the injured plaintiff was totally disabled. The plaintiffs' economist also testified that the injured plaintiff would have earned $9,667 in the months that remained before he retired. In light of the evidence, it was error for the court to refuse to submit the issue of future lost earnings to the jury (*see, Dobski v City of Schenectady,* 272 AD2d 662).

Since the testimony of the injured plaintiff's wife made out a claim for loss of services, the court erred in failing to submit her derivative claim˙to the jury (*see, Millington v Southeastern El. Co.,* 22 NY2d 498). It should be noted that on this appeal, the NYCTA correctly concedes that this omission by the trial court was an error.

However, it was not error for the court to refuse to submit the issue of future medical expenses to the jury, since the plaintiffs failed to establish "a probability supported by some rational basis," upon which the jury could render a nonspeculative verdict with regard to future medical expenses (*Matter of Miller v National Cabinet Co.,* 8 NY2d 277, 282; *see, Gross v Friedman,* 138 AD2d 571, *affd* 73 NY2d 721; *Matott v Ward,* 48 NY2d 455, 460; *Kavanaugh v Nussbaum,* 129 AD2d 559, 563).

In light of the fact that we are ordering a new trial, we have not considered the plaintiffs' claims concerning the inadequacy of the jury's award of damages. Santucci, J. P., S. Miller, Smith and Crane, JJ., concur.